Richard B. CARTER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16645.

United States Court of Appeals
District of Columbia Circuit.

Argued March 22, 1962.

Decided May 31, 1962.

Mr. William J. Lippman, Washington, D. C. (appointed by this court) with whom Mrs. Amy Scupi, Washington, D. C., was on the brief, for appellant.

Mr. Paul A. Renne, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U.

S. Atty., Nathan J. Paulson, and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

On June 2, 1961, appellant, age 20, pleaded not guilty to a four count indictment charging housebreaking and grand larceny. On June 19, 1961, he withdrew that plea and pleaded guilty to petty larceny in violation of 22 D.C.Code Ann. § 2202, a misdemeanor for which the statute provides a maximum one year imprisonment. The record makes clear that at the time he entered the guilty plea the appellant understood the potential one-year duration of a misdemeanor sentence.[1] Although he had counsel present at all pertinent steps of the proceedings, the record does not disclose whether he was aware that any alternative sentence might be imposed. However, the court sentenced appellant under the Youth Corrections Act, 18 U.S.C. § 5010 (b) (1958), carrying a maximum rehabilitative confinement of no more than four years provided he meets behavior standards. The court then granted the government's motion to dismiss the housebreaking and grand larceny counts. At

---

1. "The Court: Now let me ask the defendant some questions first. Do you understand that you are pleading guilty to the second and fourth count and you are pleading guilty to petit larceny as to each count? Do you understand that?

"Defendant Carter: Yes, sir.

"The Court: Are you guilty of larceny? Tell me what happened? What did you do?

"Defendant Carter: What did I do? Well I broke into the house—

"The Court: And take some things that did not belong to you?

"Defendant Carter: Took some things that didn't belong to me.

"The Court: Are you pleading guilty freely and voluntarily and of your own free will?

"Defendant Carter: Yes, sir.

"The Court: Has your attorney or the District Attorney promised you leniency, that is if you plead guilty you might make probation or a light sentence?

"Defendant Carter: No, sir.

"The Court: No promises have been made to you?

"Defendant Carter: No promises.

"The Court: Are you satisfied with the services rendered by your lawyer and advice given?

"Defendant Carter: Yes, sir.

"The Court: All right, Mr. Clerk, take his plea.

"The Deputy Clerk: Richard B. Carter in Criminal Case No. 396–61 in which you are charged with house breaking and larceny do you wish to withdraw a plea of not guilty heretofore entered and enter a plea of guilty to petit larceny under count two and count four of the indictment?

"Defendant Carter: Yes, sir.

"The Court: You understand the penalty in this case, I think is up to a year, is it not?

"Mr. McLaughlin: Yes, Your Honor.

"The Court: All right. This case will be referred to the probation officer for a presentence investigation and report."

sentencing, the appellant protested the sentence for the longer period under the Youth Corrections Act, preferring rather to serve the conventional one year misdemeanor sentence at Occoquan prison. The District Court granted an appeal in forma pauperis on the question presented by the Youth Corrections Act sentence. Appellant has not filed a motion to withdraw his guilty plea.

■ Appellant's contention respecting the time in excess of one year which he may have to remain in custodial care under Youth Correction authorities for a crime which would otherwise have caused confinement for no more than a year must be resolved against him. We consider Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958), as correctly interpreting the statute. There the court decided that a sentence under the Youth Corrections Act could constitutionally and legally be imposed for a misdemeanor carrying a one year penalty. Inasmuch as the appellant in that case had already served a year at the time he sought unsuccessfully to have his sentence under the Youth Corrections Act vacated, the court's additional holding, by clear implication, was that commitment under the Youth Corrections Act may be longer than one year in cases of misdemeanors, essentially because such confinement cannot be equated with incarceration in an ordinary prison. We agree. Furthermore, the clear language of the Act is that a court may, "in lieu of the penalty of imprisonment otherwise provided by law" commit a convicted defendant to the custody of Youth Correction authorities. This language is silent with respect to limiting the number of years under the Act to the term ordinarily ordered for the particular crime in question. Actual confinement under the Youth Corrections Act may be greater or may be less depending on many factors we cannot know or anticipate. But the basic theory of that Act is rehabilitative and in a sense this rehabilitation may be regarded as comprising the *quid pro quo* for a longer confinement but under different conditions and terms than a defendant would

undergo in an ordinary prison. The reasoning of the Cunningham court is relevant in this connection. The court there noted that the Youth Corrections Act "provides for and affords youthful offenders, in the discretion of the judge, not heavier penalties and punishment than are imposed upon adult offenders, but the opportunity to escape from the physical and psychological shocks and traumas attendant upon serving an ordinary penal sentence while obtaining the benefits of corrective treatment, looking to rehabilitation and social redemption and restoration." 256 F.2d at 472.

Appellant's second point is that if the sentence is legal, then the guilty plea was not knowingly and intelligently made and this court should remand the case with directions to the District Court to vacate the plea. The basis for his assertion that the plea was not knowingly made is the further assertion that the plea was entered in reliance upon the trial court's explanation concerning the maximum punishment available, one year for the misdemeanor. The record does not disclose that such reliance was in fact placed. Indeed the appellant had already pleaded guilty earlier when the court explained the nature of his crime and punishment; after that he reiterated his guilt. As noted he has made no motion before the District Court to withdraw that plea.

■ However, in view of the nature of his first point on this appeal, appellant's failure to so move is understandable and should not operate to foreclose him from making the motion to withdraw the plea now. But that motion should be addressed to the District Court if it is to be made, Rule 32(d), Fed.R.Crim.P., 18 U.S.C., particularly when the record before us appears incomplete as to whether the plea was properly given and accepted. See United States v. Lo Duca, 274 F.2d 57 (2d Cir. 1960). Consequently we do not pass on the issues relating to the guilty plea in this case. However, in order to give appellant an opportunity to move in the District Court for leave to withdraw his guilty plea, we set aside

the judgment appealed from and remand the case to the District Court.

If appellant moves within fifteen days to withdraw his plea of guilty, that motion is to be heard and decided in the usual course by the District Court. If the motion is denied the judgment of conviction will be reinstated and the same sentence imposed. If appellant fails to move to withdraw his plea within fifteen days from the date of this opinion, the judgment of conviction will be reinstated and sentence imposed.

Judgment vacated and case remanded for further proceedings.