Neil ROGERS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7391.

United States Court of Appeals
Tenth Circuit.

Dec. 24, 1963.

Peter Boatright, Oklahoma City, Okl., for appellant.

Leroy V. Amen, Asst. U. S. Atty. (Robert N. Chaffin, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, Neil Rogers, waived indictment in the District of Wyoming and was charged by information with concealing an escaped prisoner in violation of 18 U.S.C.A. § 1072. He thereafter voluntarily waived his right to counsel and entered a plea of guilty to the crime charged in the information. The court deferred the imposition of sentence until a presentence report could be prepared by the probation officer and furnished to the court. After such a report was made available, sentence was imposed pursuant to the provisions of the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b).

The motion filed below expressly stated that it was under 28 U.S.C.A. § 2255 and alleged the sentence was illegal in that it was in excess of the maximum sentence provided for by statute for the offense charged. It was alleged that the Federal Youth Corrections Act is unconstitutional because it permits a sentencing court to discriminate against those defendants sentenced under it in cases where the six year maximum provided by the Act is in excess of the sentence provided for in the statute defining the particular crime charged, thus depriving the person sentenced under the Act of due process as guaranteed by the Fifth Amend-

ment to the Constitution of the United States. In addition, the sentence is attacked here because the sentencing judge did not make preliminary findings as required by the statute, i. e., (1) that the appellant was a youth offender as defined by the Act, and (2) that the offense charged was one for which sentence under the Act could be pronounced.

We will first consider the constitutional issue raised by appellant. Under section 5010(b), the appellant was, in effect, given an indeterminate sentence which, of course, might result in his confinement for a period longer than that provided in 18 U.S.C.A. § 1072. But, under the provisions of 18 U.S.C.A. § 5017(c), a youth offender sentenced under section 5010(b), as appellant was, must be conditionally released on or before four years from the date of his conviction and he must be unconditionally discharged on or before six years from the date of his conviction. A youth offender sentenced under the Act may be conditionally released, under supervision, by the Youth Corrections Division of the Board of Parole, after reasonable notice to the Director of the Bureau of Prisons, at any time and he may be unconditionally discharged at the expiration of one year from the date of conditional release, 18 U.S.C.A. § 5017(a) (b). Moreover, the provisions of sections 5010(b) and 5015 make it clear that if the Director and Division are satisfied that the youth has been rehabilitated, he may be unconditionally released at any time. It is therefore possible that appellant could be released from confinement in a period shorter than that provided in the statute under which he was convicted, depending upon his response to corrective treatment.

■ The Act embodies the modern concept of the treatment of young violators of the criminal laws. In place of punishment as the purpose for the pronouncement of criminal sentences, rehabilitation through treatment or "corrective and preventive guidance" is the end sought. 18 U.S.C.A. § 5006(g); United States v. Lane, 9 Cir., 284 F.2d

935. It is true, as appellant contends, the period of confinement for one sentenced under the Act may turn out to be greater than the maximum sentence provided for in the statute defining the crime charged. However, this does not mean that the punishment is greater, because the confinement is for the purpose of rehabilitation by treatment and not for the purpose of punishment. This statement is borne out by the specific provisions of section 5010(b). "Treatment" as used in the Act is defined as " * * * corrective and preventive guidance and training designed to protect the public by correcting the antisocial tendencies of youth offenders." 18 U.S.C.A. § 5006(g). Other parts of the Act provide for special facilities to carry out its provisions, 18 U.S.C.A. § 5013; the Director is given wide discretion in the method to be used in the rehabilitation process, 18 U.S.C.A. § 5015; each youth offender is carefully examined and classified before the Director determines the proper disposition to be made of the offender, 18 U.S.C.A. § 5014; periodic re-examination of the offender must be made, 18 U.S.C.A. § 5016; express provisions are made for the release of the offenders by the Division, ranging from a conditional release immediately after the classification studies are made to an unconditional release after the expiration of six years from the date of conviction, 18 U.S.C.A. § 5017; and, most important of all, provision is made for setting aside the conviction upon unconditional release of the offender prior to the expiration of the maximum sentence, 18 U.S.C.A. § 5021.

The Act has been challenged in the courts on constitutional grounds and in each instance the court has concluded that it is not unconstitutional. Standley v. United States, 9 Cir., 318 F.2d 700; Cunningham v. United States, 5 Cir., 256 F.2d 467; Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854; Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283. We reach the same conclusion for the reasons heretofore discussed.

**58**

Appellant's second contention gives us more concern than does his claim of unconstitutionality of the Act. The record reveals that Rogers waived his right to counsel and his right to have his case presented to a grand jury. He was then charged by information and entered a plea of guilty. Sentence was deferred pending a presentence investigation and report. At the time of sentence, the court reminded Rogers that he had waived indictment and the right to counsel and had entered a plea of guilty to the crime charged in the information. The court then inquired, "Do you have anything to say as to why the sentence and judgment of the court should not now be pronounced upon you?" Rogers replied, "No sir." After some observations by the court concerning his previous record and a pending "hold" on Rogers, the court pronounced a sentence under the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b), until discharged as provided by section 5017(c).

■■■ Section 5010(b) of the Act provides as follows:

> "If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter * * *."

This subsection requires and makes mandatory two preliminary findings by the court before a sentence may be imposed under the Act: (1) That the convicted person is a youth offender, and (2) that the offense involved is punishable by imprisonment under applicable provisions of law other than this subsection. It is admitted by appellee that no such findings were made prior to the imposition of sentence, but it urges that these findings are to be implied from the fact that

sentence was pronounced under the Act. We do not agree with that argument. The Act is applicable only to defendants within a certain age group, that is to offenders under the age of twenty-two years, and to offenses punishable by imprisonment under applicable provisions of law other than section 5010(b). Either the judgment of commitment reciting the sentence imposed under the Act or the reporter's record of the proceedings must affirmatively show that the sentencing judge prior to the imposition of the sentence made such findings. In other words, the record as a whole must show a valid sentence was imposed and if a sentence is pronounced under the Federal Youth Corrections Act without the finding of these basic facts, the sentence is without foundation of law.

The case is reversed and remanded with directions to bring appellant back into court for the purpose of imposing a valid sentence.