**James David ELLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18666.**

United States Court of Appeals Ninth Circuit.

Jan. 21, 1964.

Rehearing Denied Feb. 25, 1964.

Dewey E. Turner, Palo Alto, Cal., for appellant.

Moody Brickett, U. S. Atty., Great Falls, Mont., and Richmond F. Allan, Asst. U. S. Atty., Billings, Mont., for appellee.

Before MADDEN, Judge of the Court of Claims, and CHAMBERS and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellant pleaded guilty to a charge of assisting in the escape of a prisoner in violation of 18 U.S.C.A. § 752. Since the prisoner was charged with a misdemeanor, appellant's offense was likewise a misdemeanor, punishable by confinement for not more than one year. Appellant was sentenced under the Youth Corrections Act, 18 U.S.C.A. §§ 5005–5026, which provides for conditional release within four years and unconditional release within six years. § 5017(c). Appellant's subsequent motion under 28 U.S.C.A. § 2255, challenging the constitutionality of the Youth Corrections Act as applied to him, was denied by the District Court in reliance upon Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962), and Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958). This appeal followed.

Since the District Court's decision we have twice indicated our agreement with Carter and Cunningham. See Standley v. United States, 318 F.2d 700, 701 (9th Cir. 1963), and Young Hee Choy v. United States, 322 F.2d 64, 66 n. 7 (9th Cir. 1963). We now do so again.

In this court appellant also complains, for the first time, that he was not told

prior to his plea of guilty and sentence that he might be sentenced under the Youth Corrections Act, and thus be subjected under his plea of guilty to a substantially longer period of restriction than that provided by 18 U.S.C.A. § 752.

■ The government responds that since this issue was not raised before the District Court it should not be considered on appeal (Standley v. United States, supra, 318 F.2d at 701) and that appellant's remedy is in the District Court by way of a new motion under 28 U.S.C.A. § 2255 or an application under Rule 32 (d) of the Federal Rules of Criminal Procedure. Pilkington v. United States, 315 F.2d 204, 209 (4th Cir. 1963) ; Carter v. United States, supra, 306 F.2d at 285–286. See also Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963). We agree.