**UNITED STATES of America,
Appellee,**

v.

**Bruce David DANCIS, Appellant.**

**No. 376, Docket 33086.**

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1969.

Decided Jan. 21, 1969.

James P. Shanahan, Asst. U. S. Atty. (Justin J. Mahoney, U. S. Atty., on the brief), for appellee.

Faith A. Seidenberg, Syracuse, N. Y. (Alan H. Levine, Marvin M. Karpatkin, New York City, on the brief), for appellant.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

Bruce David Dancis appeals from a judgment by Judge Port entered in the Northern District of New York which found him guilty of mutilating his draft card in violation of 50 U.S.C. App. § 462 (b), and which sentenced him under the Youth Corrections Act, 18 U.S.C. §§ 5010 (b), 5017(c) (instead of imposing a sentence directly under 50 U.S.C. App. § 462 (b), which carries a five year maximum penalty).

■ Dancis argues that the indeterminate sentence under the Youth Corrections Act violates his First Amendment rights for he insists that he will be held in custody until he recants his opposition to the Vietnam war. There is nothing to substantiate this highly speculative claim at this time and we accordingly find little merit in it.

■ Because of the indeterminate nature of Dancis' sentence, we cannot foretell the length of his imprisonment. Indeed, Dancis informs us that another youth sentenced for similar acts was released conditionally within two months, when he agreed to carry a draft card. Moreover, Dancis was not sentenced pursuant to § 462(b). Hence this is not the proper moment to consider the validity of the five year maximum sentence provided in the statute. See generally, Alfange, Free Speech and Symbolic Conduct: The Draft Card Burning Case, 1968 Sup.Ct.Rev. 1, 49–51. Dancis is being imprisoned for mutilating his draft card, which the Supreme Court has found not to be protected by the First Amendment and to constitute noncommunicative antisocial conduct. United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). If Dancis can establish that he is being held imprisoned merely because of his beliefs, he may then pursue relief by the appropriate means. See 28 U.S.C. § 2255.

■ Nor does the sentence amount to cruel and unusual punishment in violation of the Eighth Amendment, as Dancis contends. By sentencing him under the Youth Corrections Act Judge Port was clearly making an effort to aid Dancis rather than to inflict a heavier punishment. For example, we note that the Youth Corrections Act makes provision for setting aside this conviction for a felony upon Dancis' unconditional discharge, 18 U.S.C. § 5021, a proviso not available in a sentence pursuant to 50 U.S.C.App. § 462(b). In addition, although under 50 U.S.C.App. § 462, the defendant could have been sentenced for a period up to five years—and thus would not be eligible for parole before 18 months if the maximum sentence had been imposed—under the Youth Corrections Act he *may* be released conditionally at *any time*, 18 U.S.C. § 5017(a), and he *must* be released conditionally at the end of four years, and unconditionally at the end of six years, 18 U.S.C. § 5017(c). Indeed, the "indeterminate" sentencing procedure of the Youth Corrections Act has been so successful that it has been adopted for adult offenders as well. See 18 U.S.C. § 4208.

We believe also that Judge Port acted in a sympathetic and humane manner in utilizing the provisions of the Youth Corrections Act for in doing so he ameliorated the hardship which could result from imprisonment with ordinary criminals and instead made available the specialized and selective institutions for young offenders available pursuant to 18 U.S.C. § 5011.

We find no merit in Dancis' contention that ripping his draft card into pieces did not constitute a "mutilation."

Accordingly, we affirm the decision of the trial court.