Henry Gilbert **ABERNATHY**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 27419
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1969.

Henry Gilbert Abernathy, pro se.

Louis C. LaCour, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This appeal by a federal prisoner is from an order denying his motion to vacate sentence, brought pursuant to 28 U.S.C. § 2255. We affirm.

Appellant pleaded guilty to a Dyer Act violation for which the maximum sentence is five years. 18 U.S.C.A. § 2312. He was sentenced on December 15, 1966 under the Youth Corrections Act, 18 U.S.C. § 4209 and 18 U.S.C. Chapter 402. He is presently confined in the federal penitentiary at Leavenworth after previous confinement in the Medical Center for Federal Prisoners, Springfield, Missouri, and later in the federal prison at Texarkana, Texas.

The sentence is challenged on two and perhaps three grounds. First, it is alleged that appellant was under the influence of drugs when he entered his guilty plea. Second, it is urged that his sentence under the Youth Corrections Act is invalid because it subjects him to a sentence in excess of the maximum provided under the Dyer Act. 18 U.S.C.A. § 2312, supra.

■ Additionally, while not clearly assigned as an error, appellant seems to contend that it is improper to assign him to a maximum security prison such as Leavenworth. As to this contention, if it be a contention, it is sufficient to say that the statutes provide the Attorney General with authority to desig-nate the place of confinement and to transfer inmates from one institution to another. 18 U.S.C.A. §§ 4082, 5015(b). See also Coats v. Markley, S.D.Ind., 1962, 200 F.Supp. 686 which answers the question adversely to appellant. Cf. Sonnenberg v. Markley, 7 Cir., 1961, 289 F.2d 126, 127, holding that a person sentenced under the Federal Juvenile Delinquency Act could be imprisoned in an institution for adult criminals.

■ The principal issue has to do with the claim that appellant was under the influence of drugs when he entered his guilty plea in 1966. Appellant had been confined to a Louisiana prison and was removed to a hospital because of self-inflicted superficial cuts on his arms. After a full evidentiary hearing at which appellant testified, and was represented by counsel, the district court denied relief. A psychiatrist who attended him at the time testified that he had prescribed doses of a mild tranquilzer and a pain reliever slightly stronger than aspirin for appellant. His view was these medications, taken individually or together, would have no effect on the thought processes, mental capacity, or the ability to understand what is happening around a person. Counsel who represented appellant at his arraignment and when he entered his plea also testified. His testimony did not support appellant's claim. In addition, the statement of another psychiatrist who had examined appellant at the direction of the court prior to the entry of the guilty plea was admitted by stipulation. Based on the examination the psychiatrist was of the opinion at the time that appellant was fully competent to enter a plea of guilty and to assist counsel in his defense.

The transcript of the district court proceedings, including the arraignment, plea and sentencing proceedings, disclose statements made by appellant which indicate that he was well aware of what was taking place.

The findings of the district court and the conclusion reached thereon that appellant was mentally competent to under-

stand the proceedings against him and to enter his plea of guilty are more than warranted by the record. See Dusky v. United States, 1962, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, on the test to be applied in determining whether a defendant is competent to stand trial. The Court said that the " 'test must be whether he had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' " That test was met here.

 This leaves for decision the contention that the sentence under the Youth Corrections Act is invalid because the Act subjects appellant to a greater sentence (a possible six year sentence), than the five year maximum imposed by the Dyer Act. The Youth Corrections Act is rehabilitative in scope and contemplates treatment and conditional release at any time under supervision. It has been held constitutional in the face of the charge that it imposes a greater sentence than the maximum sentence provided for in the statute defining the crime charged. Cunningham v. United States, 5 Cir., 1958, 256 F.2d 467; Carter v. United States, 1962, 113 U.S.App.D.C. 123, 306 F.2d 283; Eller v. United States, 9 Cir., 1962, 327 F.2d 639; Rogers v. United States, 10 Cir., 1963, 326 F.2d 56; Foston v. United States, 8 Cir., 1968, 389 F.2d 86.

Moreover, there is another reason why the attack on the sentence must fail. Appellant was fully apprised of the consequences of being sentenced under the Youth Corrections Act prior to the entry of his guilty plea including the maximum sentence imposed thereunder and the fact that it was greater than that imposed under the Dyer Act. He demonstrated that he fully understood these consequences and nevertheless entered the plea of guilty. Thus this attack also fails. This is not such a case as James v. United States, 5 Cir., 1968, 388 F.2d 453; or Stephens v. United States, 5 Cir., 1967, 383 F.2d

428, where there was doubt that the consequences of being sentenced under the Youth Corrections Act and the maximum sentence thereunder were explained to the defendant before the plea of guilty was received.

No error appearing, the judgment of the district court is affirmed.