**Dick Alexander CALDWELL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 174-70.

United States Court of Appeals, Tenth Circuit.

Dec. 16, 1970.

Robert J. Nordhaus, Albuquerque, N. M. (James F. Beckley, Albuquerque, N. M., was on the brief), for petitioner-appellant.

Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., and John A. Babington, Asst. U. S. Atty., were on the brief), for respondent-appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Pursuant to 28 U.S.C. § 2255 appellant Caldwell moved to set aside his conviction on a plea of guilty to a 1967 charge under the Dyer Act, 18 U.S.C. § 2312. He alleged that he was not advised of and did not understand the six-year period of supervision possible under the Youth Corrections Act under which he was sentenced; that his sentence was unlawful due to the five-year limitation of sentence under the Dyer Act; and that his representation by appointed counsel was inadequate. After an evidentiary hearing the trial court made findings adverse to appellant and dismissed the action and this appeal follows.

Our record covers the proceedings in September and October, 1967, including, among other things, appointment of counsel, waiver of indictment, arraignment and entry of a guilty plea, order for an examination under 18 U.S.C. § 4244 by a psychiatrist who reported appellant competent, acceptance of the plea and sentencing to custody for treatment and supervision under 18 U.S.C. § 5010(b) until discharge as provided in 18 U.S.C. § 5017(c) of the Youth Corrections Act. We have also considered the record of the evidentiary hearing on appellant's motion to set aside his conviction, including testimony of appellant and two counsel who appeared with him during the 1967 proceedings.

Appellant argues that the guilty plea must be set aside due to lack of knowledge of the maximum range of supervision under 18 U.S.C. § 5017(c). He relies on the principles of Rule 11, F.R. Crim.P., that the court not accept a guilty plea without addressing the defendant and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. See also Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Young v. United States, 433 F.2d 626 (10th Cir.), and Chapin v. United States, 341 F.2d 900 (10th Cir.). He argues that the record shows that when the plea was entered and when it was accepted the trial court did not ask if he understood the consequences of sentencing under the Youth Corrections Act and points to testimony by one of his counsel that appellant was told he could be held only until he was 21 years of age. On consideration of the entire record the trial court found that such proof was overcome by appellant's admissions and other evidence.

The record does show statements by appellant's counsel causing concern. There were statements that he was advised he could proceed under the Youth Corrections Act or the Dyer Act; that if he wanted to proceed under the former, he could be held until 21 but might get off with less time; that in all probability a sentence would not go beyond 21 and he would have every chance of getting off much sooner than that; that under the Dyer Act he would be subject in all probability to a longer stay in prison. Appellant was 18 years of age and is subject to supervision for a 6-year period under the sentence. He testified that one appointed counsel did not explain the Youth Corrections Act and

that the other may have tried to do so but advised him incorrectly. Appellant said that he did not understand that he was subject to supervision for six years, and there was some uncertainty in the testimony of appellant's counsel.

However, there was proof by one attorney that he had advised appellant in connection with the Youth Corrections Act that while the jurisdictional period could conceivably be longer, the reformatory would be somewhat more lenient than a federal penitentiary. He said also that he explained that a Dyer Act sentence could be imposed for five years and that if he were handled under the Youth Corrections Act a 6-year sentence was possible.[1] Moreover, at the first hearing on September 29, 1967, the trial court commenced the proceedings by stating that at appellant's age he could be sentenced under the Youth Corrections Act with possible confinement for up to six years. This was seven days before the plea was entered and twenty-one days before it was accepted and sentence imposed. At the evidentiary hearing appellant said he recalled the Court's statement about the Youth Corrections Act but said he did not understand and at the time of sentencing thought only a four-year sentence was possible.

■ It was for the trial court to weigh the conflicting evidence and pass on the credibility of the witnesses and its findings will not be disturbed unless clearly erroneous. Rule 52(a), F.R.Civ. P.; Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir.), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470. The trial court properly considered the record of the arraignment proceedings and those shortly prior thereto and proof concerning all the surrounding cir-

cumstances. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, and Perry v. Crouse, 429 F. 2d 1083 (10th Cir.).[2] The record amply supports the trial court's finding against appellant's claim that he was confused about the possible penalties and the finding will not be disturbed.

■ The trial court also rejected appellant's contention that his sentence was unlawful because it exceeded the maximum of five years' imprisonment possible under the Dyer Act. The Youth Corrections Act permits persons under 22 at conviction to be sentenced under a different scheme and provides for possible supervision for up to six years in the portion of the statute governing appellant's discharge, 18 U.S.C. § 5017(c). Such sentences have been held lawful against the argument advanced by appellant, Kotz v. United States, 353 F.2d 312 (8th Cir.), and valid against due process, equal protection and cruel and unusual punishment objections. See, e. g., Abernathy v. United States, 418 F.2d 288 (5th Cir.); United States v. Rehfield, 416 F.2d 273 (9th Cir.), cert. denied, 397 U.S. 996, 90 S.Ct. 1137, 25 L.Ed.2d 405; Foston v. United States, 389 F.2d 86 (8th Cir.), cert. denied, 392 U.S. 940, 88 S.Ct. 2319, 20 L. Ed.2d 1401; Eller v. United States, 327 F.2d 639 (9th Cir.); Rogers v. United States, 326 F.2d 56 (10th Cir.); Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283; and Cunningham v. United States, 256 F.2d 467 (5th Cir.).

■ Appellant's remaining contention was that his representation was inadequate. Aside from the claim discussed above as to his attorneys' statements on possible penalties, the only proof touching on the representation was appellant's testimony that counsel recom-

---

1. This attorney testified that these statements were made to appellant on October 20, 1967, and prior to his sentencing on that date. In the sentencing proceeding the court inquired if appellant still plead guilty, and appellant said that he did.

2. The plea was accepted before the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, and such questions as are raised here under Rule 11 and related principles could properly be disposed of by the evidentiary hearing probing all the surrounding circumstances. See Perry v. Crouse, supra 429 F.2d at 1084–1085; and Harper v. United States, 368 F.2d 53 (10th Cir.).

mended a guilty plea, stating the case was too technical and expensive to fight; testimony elicited from counsel that he had advised that an appeal was waived by a guilty plea, counsel explaining in his testimony that a direct appeal in such circumstances was difficult for all practical purposes; and testimony from counsel that he did not investigate the Government proof after appellant admitted the offense to him. Appointed trial counsel testified in detail concerning their conferences with appellant and his admissions of guilt. The record in the criminal case clearly reflects his willingness to plead guilty. The trial court found that appellant abandoned such claim of inadequacy of counsel by not developing it at the evidentiary hearing. We accept the Court's conclusion on the basis of the record and appellant's burden on such an issue of showing that his representation was a sham, farce or mockery. See Bruner v. United States, 432 F.2d 931 (10 Cir.).

The record reveals careful protection of appellant's rights before acceptance of his guilty plea and that the trial court was amply justified in denying his motion to set aside his conviction on the plea.

Affirmed.