UNITED STATES of America,
Plaintiff-Appellee,

v.

Clayton CRUZ, Defendant-Appellant.

No. 75–1425.

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1975.

Certiorari Denied Jan. 12, 1976.

See 96 S.Ct. 797.

Charles M. Sevilla (argued), Federal Defenders of San Diego, Cal., for defendant-appellant.

William A. Bower, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

OPINION

Before CARTER, GOODWIN and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

Clayton Cruz was sentenced to fifteen years in prison after being convicted of possessing one ounce of cocaine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). On this appeal he contends the trial court erred in its sentencing procedures. We affirm the trial court.

Count One of a six count indictment was dismissed before trial. Count Two charged Cruz with possessing the one ounce of cocaine and intending to distribute it. Counts Three through Six

charged him with conspiracy and attempt offenses for alleged involvement in a scheme to import large quantities of cocaine from South America to California.

At close of trial the jury deliberated for two and one-quarter hours and returned to the courtroom in the late afternoon. The court inquired if there was a verdict on any count and the jury advised there was. The court requested the verdict, and the jury returned a conviction on Count Two. In colloquy with counsel for the government, the court announced it would declare a mistrial on the remaining four counts and stated there was no necessity to retry them, mentioning "fifteen years," the maximum sentence for the count on which Cruz had been convicted.[1] The matter was set for sentencing.

At the sentencing proceeding the attorney for Cruz asked the court to disregard testimony of government witnesses pertaining to the four counts on which the mistrial was declared. Those witnesses testified that Cruz had induced the government to send an undercover agent to South America and to pay the fare for Cruz to go there also. They testified these trips were part of a plan proposed by Cruz for importing cocaine to California. The defense argued this testimony was not credible and that Cruz had been entrapped. The court responded that it had a different interpretation of the evidence.

Counsel for Cruz also asked the court to be lenient because the defendant was twenty-five years of age and had no previous criminal record.

Cruz was then sentenced to the custody of the Attorney General for fifteen years, pursuant to the provisions of 18 U.S.C. § 4208(a)(2), and to a five-year special parole term to follow.

The principal issue raised by appellant is that the court erred in sentencing him without first making a specific finding that he would not benefit from treatment under the Federal Youth Corrections Act, id. §§ 5005–26.

The Youth Corrections Act defines "youth offenders" as all persons under the age of twenty-two at the time of conviction. Id. § 5006(e). It is established that these youth offenders may not be sentenced under other applicable penalty provisions until the court has first made an explicit finding, pursuant to section 5010, that the youth will not benefit from treatment under the Youth Corrections Act. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

Persons between the ages of twenty-two and twenty-six, called "young adult offenders," may also be sentenced under the Youth Corrections Act, if the sentencing court invokes 18 U.S.C. § 4209. Appellant would interpret that section to be governed by the Dorszynski rule. He thus argues that for persons in his age group a "no-benefit" finding must be made as a precondition to sentencing under any penalty provision outside of the Youth Corrections Act. We do not agree. In sentencing "young adult offenders" the court is not required first to make an explicit finding under section 4209 be-

1. After the verdict had been returned, the following exchange took place between the prosecutor and the trial judge at the bench:

THE COURT: I propose, Mr. Bower, to declare a mistrial on the other counts. I don't think there's any necessity for retrying those.

MR. BOWER [Assistant U. S. Attorney]: Okay, whatever the Court feels.

THE COURT: Fifteen years.

MR. BOWER: Okay.

R.T. 226. After the jury had been excused, the following exchange took place:

THE COURT: . . . As I suggested at the bench conference, Mr. Bower, it would appear to me that nothing would be gained by retrial of those other four counts.

MR. BOWER: Yes, your Honor.

THE COURT: I really think it should have been just one count in any event, and that a conspiracy. I think the options open to the Court on the one count are sufficient.

MR. BOWER: Thank you, your Honor.

THE COURT: So we'll not plan to retry those other counts.

R.T. 226–27.

fore invoking other applicable penalty provisions.

The language of section 5010, under which the *Dorszynski* case was decided and which applies to "youth offenders" is markedly different from the language of section 4209, applicable to "young adult offenders." The differing language of the two statutes demands different interpretations.

Section 5010(d) provides:

> If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision.

The words "shall find" control the quoted section and are a direction that must be followed before a court has authority to sentence under other applicable punishment provisions. Quite a different grammatical structure is used for "young adult offenders" under section 4209:

> [I]f, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act . . . sentence may be imposed pursuant to the provisions of such act.

Section 4209 is phrased in terms that grant the sentencing court an option. Under section 4209 the court may choose whether or not to sentence a young adult offender under the Youth Corrections Act. Section 4209 provides that

"if" the court finds reasonable grounds to believe the defendant will benefit, then sentence "may" be imposed under the Youth Corrections Act. This is not a mandate to make an explicit finding prior to sentencing under other applicable provisions.

Our conclusion is consistent with the legislative history and case authority.

Section 4209 was enacted eight years after the Federal Youth Corrections Act. It was proposed, together with other provisions, in H.R.J.Res. 424. This resolution was considered at the same time as a different proposal, contained in H.R. 8923. H.R. 8923 would simply have amended the Youth Corrections Act to include all persons under age twenty-six. *See generally* 2 U.S.Code Cong. & Admin.News 3892 (1958). The amendment proposed in H.R. 8923 was rejected and H.R.J.Res. 424 was adopted, thus indicating that Congress did not intend to extend the Youth Corrections Act and its sentencing procedures to young adult offenders. The Senate Report accompanying the final version specifically states that section 4209 is not intended as a general extension of the Youth Corrections Act, but rather that it is to apply only "in exceptional cases." [2] It would be contrary to these expressions of Congressional intent to rule that in every case involving an offender between the ages of twenty-two and twenty-six, a court is required to make an explicit "no-benefit" finding under section 4209 before sentencing under other provisions.

The *Dorszynski* case itself notes the difference in sentencing procedures for "young adult offenders" and for "youth offenders." *See* 418 U.S. at 433 n. 9; *id.* at 451 n. 13, 94 S.Ct. 3042 (Marshall, J., concurring in judgment). *See also Unit-*

---

2. The proposed legislation also authorizes the court, in exceptional cases of defendants between the ages of 22 and 26 years at time of conviction, to sentence under the provisions of the Federal Youth Corrections Act. At present the Youth Act may be applied only to convicted offenders under the age of 22, and the bill does not propose a general extension of this applicability. It contem-

plates that the Youth Act may be applicable to an offender in the slightly older age group only when the court makes a special finding that the defendant would benefit by the treatment methods prescribed by that act.

S.Rep. No. 2013, 85th Cong., 2d Sess., 2 U.S. Code Cong. & Admin.News, pp. 3891, 3892 (1958).

ed States v. McDonald, 156 U.S.App.D.C. 338, 481 F.2d 513 (D.C.Cir. 1973); United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722 (D.C.Cir. 1970).

 The administration of justice and the purposes of sentencing are best served when the sentencing judge states openly the factors he considers in imposing judgment. See Dorszynski v. United States, 418 U.S. 424, 455–57, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974) (Marshall, J., concurring in judgment). From that standpoint, it might have been more satisfactory here if the court had stated explicitly that it had considered section 4209 and found it inapplicable; but it was not required to do so.[3]

 The other issue raised by the appeal is whether, in determining the sentence, it was appropriate for the court to consider evidence pertaining to Counts Three through Six, as to which the mistrial was declared. It was entirely proper for the court to consider those matters. Evidence of criminal acts other than the acts comprising a crime for which the defendant is being sentenced is a highly relevant factor for a court to weigh in determining its sentence.

Sentences have been vacated where it is demonstrated on appeal that the factual basis for believing a charge of criminal conduct is entirely without support, United States v. Weston, 448 F.2d 626 (9th Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972), or where the evidence of criminal conduct was obtained unconstitutionally, Verdugo v. United States, 402 F.2d 599 (9th Cir. 1968), cert. denied, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1970), or where the sentencing court has relied upon a criminal record which erroneously shows previous convictions, Townsend v. Burke, 334 U.S. 736, 71 S.Ct. 286, 95 L.Ed. 661 (1948).

But no such considerations are present in this case. Indeed, the testimony of criminal conduct here was given by witnesses who were personally before the court and who were subject to cross examination by defendant's counsel, factors which considerably increase the reliability of the evidence for sentencing purposes. United States v. Sweig, 454 F.2d 181 (2d Cir. 1972). The court did not err in considering such matters in this case.

The judgment is affirmed.

---

**3.** In fairness to the trial court, we note this may indeed have occurred. Counsel for the government advised this court on oral argument that after the court had imposed sentence and called the next case, it stated "The record should show that I consider and reject the Youth Act." But the transcript on appeal does not establish that defendant and his counsel were present at the time the statement was made. Accordingly, we have found it appropriate to decide the case as if the court had not made this finding.