**UNITED STATES of America, Appellee,**

v.

**Suat C. TORUN, Appellant.**

**No. 929, Docket 76–1055.**

United States Court of Appeals, Second Circuit.

Argued April 21, 1976.

Decided June 14, 1976.

---

**662**

Trevor Headley, Brooklyn (Headley & Zeitlin, Brooklyn, on the brief), for appellant.

Paul B. Bergman, Asst. U. S. Atty., Brooklyn (David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, Charles E. Clayman, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FEINBERG and GUR-FEIN, Circuit Judges.

FEINBERG, Circuit Judge:

Suat C. Torun appeals from a sentence under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b),[1] after his plea of guilty to an information charging him with possession of cocaine in violation of 21 U.S.C. § 844(a). The plea was taken in the United States District Court for the Eastern District of New York before John R. Bartels, J., who also imposed the sentence. The appeal is based upon the apparent anomaly that 21 U.S.C. § 844(a) provides for a maximum jail term of only one year, but because Torun was sentenced under the Federal Youth Corrections Act (FYCA) rather than as an adult he may be in prison for as much as four years. 18 U.S.C. § 5017(c).[2] For reasons set forth below, we remand for resentencing.

**I**

Appellant argues that the sentence should be set aside because the judge improperly used the FYCA for punitive rather than for rehabilitative purposes and because the FYCA is unconstitutional since it leads to different treatment for some offenders, solely because of age, and denies them equal protection.

In support of his first proposition, appellant relies on *United States v. Hartford*, 489 F.2d 652 (5th Cir. 1973). The defendant in that case had also pleaded guilty to illegal possession of a controlled substance. In the course of the sentencing proceeding, the trial judge commented that a one-year prison term was insufficient. The judge therefore sentenced Hartford under the FYCA, which calls for an indeterminate sentence not to exceed four years. The Fifth Circuit reversed, holding that

> the judge employed the FYCA in a manner repugnant to the ameliorative congressional purpose underlying the statute, namely to allow correctional rehabilitation for youthful offenders, not to mete out retributive punishment. . . . Moreover, by opining that the legislatively-prescribed *maximum* penalty for this misdemeanor was insufficient punishment for Hartford, the court acted incon-

---

1. This statute provides:

   If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter . . . ..

2. This provides:

   A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

sistently with the authoritative determination by Congress with respect to the appropriateness of particular penalties. As a result, by his dissatisfaction with the congressional regulatory scheme embodied in the Drug Abuse Act, the court fell into grave error by utilizing a salutary sentencing procedure, the FYCA, for punitive purposes clearly at odds with Congress' purpose. [Citations omitted.]

Id. at 654.

■ While we agree fully with these sentiments, appellant's reliance on *Hartford* is misplaced. Appellant argues that Judge Bartels "on learning that the defendant had a record was inclined to be punitive."[3] A careful reading of the transcript shows that this conclusion is simply not justified. There is no basis in this record for believing that the judge was "utilizing" the FYCA "for punitive purposes."

■ Appellant's second argument is more troublesome. Appellant was 25 when he was convicted. He was therefore subject to sentencing under the FYCA only by reason of 18 U.S.C. § 4216.[4] Had he been 26, the statute would not have applied, and he could have been sentenced only to the maximum prison term of one year for violating 21 U.S.C. § 844(a). The accident of age thus exposed Torun to the possibility of three additional years in jail. According to appellant, this denied him the equal protection of the laws.

Despite the surface appeal of this argument, the FYCA has frequently been upheld against attacks of this sort.[5] The theory has been that youths sentenced under the Act are given special rehabilitative treatment, which rationally justifies the difference in possible maximum sentences. See, e. g., *Abernathy v. United States,* 418 F.2d 288, 290 (5th Cir. 1969); *Rogers v. United States,* 326 F.2d 56, 57 (10th Cir. 1963); *Carter v. United States,* 113 U.S. App.D.C. 123, 306 F.2d 283, 285 (1962) (Burger, *J.*); *Cunningham v. United States,* 256 F.2d 467, 472 (5th Cir. 1958). While we have not passed upon the point directly, in *United States v. Dancis,* 406 F.2d 729 (2d Cir.), cert. denied, 394 U.S. 1019, 89 S.Ct. 1640, 23 L.Ed.2d 44 (1969), we held that a sentence under the FYCA for a draft offender guilty of an offense with a five-year maximum was not cruel and unusual punishment. The per curiam opinion emphasized that the FYCA

> ameliorated the hardship which could result from imprisonment with ordinary criminals and instead made available the specialized and selective instructions for young offenders available pursuant to 18 U.S.C. § 5011.

Id. at 730. The court also noted that the FYCA allows a conviction to be expunged from a defendant's record, 18 U.S.C. § 5021, and permits conditional release at any time, 18 U.S.C. § 5017(a). Id.

Such considerations were persuasive in the context of the possible five-year prison term for a felony conviction to which Dancis was subject. They are less so in this case; for Torun, the harshest penalty as an adult would have been one year in jail as a

---

3. Appellant's brief, at 5.

4. This statute, which until the Parole Commission and Reorganization Act, Pub.L. No.94–233, 90 Stat. 233 (March 15, 1976), was codified as 18 U.S.C. § 4209, provides:

> In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act . . . sentence may be imposed pursuant to the provisions of such act.

5. E.g., *Caldwell v. United States,* 435 F.2d 1079 (10th Cir. 1970); *Abernathy v. United States,* 418 F.2d 288 (5th Cir. 1969); *Johnson v. United States,* 374 F.2d 966 (4th Cir. 1967); *Brisco v. United States,* 368 F.2d 214 (3d Cir. 1966); *Kotz v. United States,* 353 F.2d 312 (8th Cir. 1965); *Eller v. United States,* 327 F.2d 639 (9th Cir. 1964); *Rogers v. United States,* 326 F.2d 56 (10th Cir. 1963); *Carter v. United States,* 113 U.S.App.D.C. 123, 306 F.2d 283 (1962); *Cunningham v. United States,* 256 F.2d 467 (5th Cir. 1958).

misdemeanant. Moreover, there is at least some doubt whether the rehabilitative rationale for FYCA treatment continues as forcefully as before. In *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974), we sustained a claim that New York State had denied equal protection to youthful misdemeanants because they were receiving the same treatment as adult misdemeanants but were incarcerated longer. Also, a number of courts have considered the problem raised by application of the guidelines issued by the United States Parole Commission [6] to sentences imposed under the FYCA. E. g., *Snyder v. United States Board of Parole*, 383 F.Supp. 1153 (D.Colo.1974); *United States v. Norcome*, 375 F.Supp. 270, 274 n.3 (D.D.C.1974). Since these guidelines rely on criteria other than individual rehabilitation in the institution, e. g., offense severity, they undermine a major justification for subjecting any youthful offender to a longer period of incarceration than an adult offender guilty of the same offense. And when the crime involved is a misdemeanor and the possible disparity, as it is here, is three years in prison, the weakening of the rehabilitative justification is most significant. Indeed, the importance of the change in parole policy under the guidelines can be seen in this very case. Judge Bartels in sentencing appellant told him that "It is an elastic sentence and all depends on him." In view of the way the parole guidelines are set up that appears to be no longer true, for the emphasis is more on the nature of the crime and the characteristics of the offender than on conduct in detention.

Thus, appellant's equal protection argument is a substantial one. Nevertheless, we have concluded that we do not yet have to face it because we must remand for resentencing in any event.

6. 28 C.F.R. § 2.20, as amended, 41 Fed.Reg. 19326, 19330 (May 12, 1976). For discussion of parole guidelines, see *United States v. Slutsky*, 514 F.2d 1222, 1227–30 (2d Cir. 1975); Project, Parole Release Decisionmaking and the Sentencing Process, 84 Yale L.J. 810 (1975). Cf. also *Grasso v. Norton*, 520 F.2d 27 (2d Cir. 1975). Some sort of guidelines are apparently

## II

Federal law provides special treatment for several classes of young offenders. Those under 18 are eligible for treatment as juvenile delinquents under 18 U.S.C. §§ 5031–37. Defendants who are under the age of 22 are designated "youth offenders," 18 U.S.C. § 5006(d).[7] A defendant who is 22 but is not yet 26 is called a "young adult offender." 18 U.S.C. § 4216.[8] The statute provides that for a youth offender, an FYCA sentence should presumptively be imposed unless the judge finds "that the youth offender will not derive benefit from treatment." 18 U.S.C. § 5010(d). On the other hand, for a young adult offender the statutory emphasis is precisely the reverse. 18 U.S.C. § 4216 provides that such offenders may be sentenced under the FYCA only if

> after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there are reasonable grounds to believe that the defendant will benefit from the treatment provided under the . . . Act . . ..

In *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the Court held that the finding of no benefit for a youth offender must be explicit, not merely implied. The Court stated:

> The question whether the finding of "no benefit" must be explicit or whether it may be implicit in the record of a particular case is answered by the manifest desire of Congress to assure that treatment under the Act be considered by the court as one option whenever the youth offender is eligible for it.

contemplated by the Parole Commission and Reorganization Act, supra note 4, 18 U.S.C. § 4203(a)(1).

7. Formerly § 5006(e).

8. See note 4 supra.

418 U.S. at 443, 94 S.Ct. at 3053. Similarly, we believe that for offenders of ages 22–25 inclusive, the congressional view was that generally such persons will not benefit from special treatment as nonadults. See *United States v. Kaylor*, 491 F.2d 1133, 1137 (2d Cir.) (en banc), vacated and remanded on other grounds sub nom. *United States v. Hopkins*, 418 U.S. 909, 94 S.Ct. 3201, 41 L.Ed.2d 1155 (1974). For this reason, the statute authorizes imposition of an FYCA sentence on a young adult offender only "if . . . the court finds that there are reasonable grounds to believe [he] will benefit from the treatment provided under the Federal Youth Corrections Act." While we have not previously held that such findings must be express, we implied as much in *United States v. Kaylor*, supra, 491 F.2d at 1137, in which we said that Congress "meant to permit such treatment [under the FYCA] only after affirmative findings in the case of young adult offenders." (Emphasis removed.) As Justice Marshall has noted, this is merely the "obverse" of the finding of "no benefit" required for youth offenders. *Dorszynski v. United States*, supra, 418 U.S. at 451 n.13, 94 S.Ct. 3042 (concurring opinion). See also *United States v. Waters*, 141 U.S.App.D.C. 289, 437 F.2d 722, 723–24 (1970). Moreover, such a requirement is consistent with the legislative history of the young adult offender statute, which stresses that FYCA treatment of such offenders should be extended "in exceptional cases," and indicates that Congress

> contemplate[d] that the Youth Act may be applicable to an offender in the slightly older age group only when the court makes a special finding that the defendant would benefit by the treatment methods prescribed by that act.

S.Rep.No.2013, 85th Cong., 2d Sess., 2 U.S. Code Cong. & Admin.News, pp. 3891, 3892 (1958).

The Government cites *United States v. Cruz*, 523 F.2d 473 (9th Cir. 1975), and *United States v. Schwarz*, 500 F.2d 1350 (2d Cir. 1974), in support of its argument that a young adult offender may be sentenced under the FYCA without an explicit finding of benefit. Neither supports that view. *Cruz* holds that a finding of no benefit is not required before such an offender can be sentenced as an adult; *Schwarz* reversed an adult sentence for a 25-year old defendant because the sentencing judge's comments were "susceptible of the meaning that only a specific class of persons [the underprivileged] can claim consideration under the . . . Act." 500 F.2d at 1352. Thus neither case dealt with an objection to FYCA treatment by a young adult offender.

In the instant case, it is clear from the record that Torun was 25 at the time of conviction and therefore was a young adult offender. Accordingly, the judge could not apply the FYCA to Torun unless he made an express finding that Torun would benefit from such treatment. No such finding appears in the record. Although there was a casual reference by Judge Bartels to the fact that the defendant might study recycling while in custody,[9] the judge did not expressly find that the defendant would benefit from treatment. The Government argues that the very act of sentencing a young adult offender under the FYCA is an implicit finding. As indicated above, however, the finding should be explicit, as Congress apparently intended, particularly in a case where the maximum sentence imposed is far longer than the maximum sentence for an adult for the same offense.

Accordingly, the case must be remanded to the district court for resentencing. Since defendant has been incarcerated while his appeal has been pending, expedition is called for, particularly since the district judge on reconsideration may decide to sentence defendant as an adult with a possible maximum prison term of only one year.

Case remanded for resentencing.

MOORE, Circuit Judge (concurring):

In my opinion, the defect in sentencing here lies in the absence of the statutory

9. Defendant claimed to be in this business.

prerequisites to a sentence imposed under the Federal Youth Corrections Act, namely, whether "there are reasonable grounds to believe that the defendant will benefit from the treatment provided [thereunder] . ." Since the judge could not apply the FYCA to Torun unless he made an express finding that Torun would benefit from such treatment, the case must be remanded for resentencing. If no such finding can properly be made on remand, Torun cannot be sentenced under the FYCA and must be sentenced as an adult under 21 U.S.C. § 844(a) (maximum jail term one year).