UNITED STATES of America, Appellee,

v.

Jacinto NEGRON, Defendant-Appellant.

No. 515, Docket 76–1378.

United States Court of Appeals,
Second Circuit.

Argued Dec. 8, 1976.

Decided Jan. 6, 1977.

Sheila Ginsberg, New York City (William J. Gallagher and The Legal Aid Society, New York City, of counsel), for defendant-appellant.

Richard Appleby, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., E. D. N. Y., and Alvin A. Schall, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before MEDINA, OAKES and GURFEIN, Circuit Judges.

## PER CURIAM:

Jacinto Negron appeals from the denial by the Eastern District of New York (Costantino, J.) of his motion under F.R.Crim.P. 35 to vacate as illegally imposed a sentence of ten years imprisonment and a 15-year special parole term, with the special condition that Negron be deported to Colombia, South America, upon completion of the jail sentence. The sentence was imposed after Negron pleaded guilty to the charge of distributing approximately a kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1).

Appellant Negron, together with five others, was charged in a three-count indictment with conspiracy to distribute, possession with intent to distribute, and the actual distribution, of cocaine. On September 3, 1975, appellant pleaded guilty to the last charge. At that time, Judge Costantino advised Negron, age 23, of the possibility of his being sentenced under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., and

also explained to him the ramifications of Youth Corrections Act treatment.

On October 24, 1975 Negron appeared before the court for sentencing. His retained counsel acknowledged that Negron had one prior New York state conviction in 1972, but attempted to minimize Negron's role in the cocaine conspiracy, calling him a "carrier for the principals." On allocution to the court, Negron said only: "The only thing I want to do is to release the innocent ones and since we are guilty we might as well do whatever the Court desires." Judge Costantino thereupon passed judgment on appellant.

The prosecutor then reminded the court that Negron claimed to be 23 years old and therefore eligible for Young Adult Offender treatment under 18 U.S.C. § 4209 (now § 4216).[1] See United States v. Torun, 2 Cir., 537 F.2d 661, 663, n.4. Judge Costantino responded that "in view of [Negron's] involvement in the matter before the Court and the particular part that he took in that involvement, the Court denies him Y.C.A. treatment."

Appellant's sole argument is that Judge Costantino denied Young Adult Offender treatment without a proper exercise of his discretion. He concedes that the judge was aware of appellant's eligibility therefor. Appellant contends, however, that he was denied Y.C.A. treatment only because of his participation in a cocaine transaction. He argues that, therefore, the judge failed to use his discretion in denying Y.C.A. treatment.

■ We find this contention to be without merit. It is true that, notwithstanding the broad discretion conferred on the District Court by § 4209,[2] which autho-

---

1. 18 U.S.C. § 4209 provides:

"In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds [sic] to believe that the defendant will benefit from the treatment provided under the Federal

Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such act."

2. The District Court may weigh various factors enumerated in the statute, see note 1 supra, as well as other factors that he considers pertinent. Even if the District Court finds that there are reasonable grounds to believe that defendant would benefit, it still has discretion whether to afford Youth Adult Offender treatment. See 18 U.S.C. § 4209; United States v. McDonald, 481 F.2d 513, 515 (D.C.Cir. 1973).

rizes youthful offender treatment to a young adult offender, only where the district judge affirmatively finds that the defendant will benefit from the treatment, *United States v. Torun, supra,* at 665, a district judge may abuse this discretion by considering only one factor in a "fixed and mechanical" way. *See United States v. Schwarz,* 500 F.2d 1350 (2d Cir. 1974), where the district judge had indicated that only a specific class of persons can claim consideration under the provisions of the Act. 500 F.2d at 1352. *See United States v. Kaylor,* 491 F.2d 1133, 1137 (2d Cir. 1974) (*en banc*); *United States v. Dinapoli,* 519 F.2d 104 (6th Cir. 1975). We may therefore assume, without deciding, that it would be improper to deny Young Adult Offender treatment solely because defendant had been convicted of a serious felony. *See Schwarz, supra,* at 1351. But Judge Costantino did not base his decision on the single fact that Negron had violated 21 U.S.C. § 841. He took especial cognizance of the "particular part" that Negron played in the cocaine transaction. Nor was that his sole criterion of judgment.

Judge Costantino had read and considered the pre-sentencing report, which gave details relevant to several of the statutory criteria, before imposing sentence, *cf. Stead v. United States,* 531 F.2d 872 (8th Cir. 1976). He had earlier, before accepting the guilty plea, advised appellant that he was eligible for treatment under the Y.C.A. As the Supreme Court has noted in a similar context, "Once it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, . . . no appellate review is warranted." *Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3053, 41 L.Ed.2d 855 (1974).

 It was not necessary for the judge to make *any* explicit findings as long as it is

clear from the record that all relevant factors were considered. Section 4209, *supra,* n.1; *United States v. Kaylor, supra*; *United States v. McDonald, supra*; *see Dorszynski, supra,* 418 U.S. at 433–34, n.9, 94 S.Ct. 3042.[3] We affirm the judgment of the District Court.

OAKES, Circuit Judge (dissenting):

I dissent. I would reverse and remand for the limited purpose of making the requisite appraisal whether Young Adult Offender (YAO) treatment should be given.

I recognize that under *Dorszynski v. United States,* 418 U.S. 424, 433 n.9, 94 S.Ct. 3042 (1974), and our express statement in *United States v. Kaylor,* 491 F.2d 1133, 1137 (2d Cir.) (en banc), *vacated for reconsideration on other grounds,* 418 U.S. 909, 94 S.Ct. 3201, 41 L.Ed.2d 1155 (1974), this treatment can be given only if the court makes affirmative findings that a defendant would benefit therefrom. Thus if Judge Costantino had said nothing, having been aware of appellant's eligibility for YAO treatment, there would be no remedy.

But Judge Costantino did say something: "In view of [Negron's] involvement in the matter before the Court and the particular part that he took in that involvement, the court denies him [YAO] treatment." This in my view is just as improper a basis for denying YAO treatment as if the judge had said: "In view of the type of felony involved the court denies him treatment." As we said in *Kaylor,* "the mix is ultimately to be based upon an examination of the individual's case," rather than a "fixed sentencing policy based on the category of crime" or other improper factor. 491 F.2d at 1140. Judge Costantino here explicitly and erroneously relied upon the nature of the crime and appellant's involvement in it; he did not make a "careful appraisal of the variable components relevant to the sen-

---

**3.** We reiterate that we need not consider the scope of the District Court's discretion to deny Y.C.A. treatment notwithstanding an explicit finding that a defendant would benefit thereby, *see Dorszynski, supra*; *McDonald, supra.*

tence upon an individual basis." *United States v. Schwarz*, 500 F.2d 1350, 1352 (2d Cir. 1974) (per curiam). As in *Schwarz*, which also involved a Young Adult Offender, the court's statements here were "inappropriate" because they indicated the judge's belief that the nature of the crime and the degree of appellant's participation in it were sufficient grounds to deny YAO treatment. This case is in a sense stronger for reversal than *Schwarz*, because there the court was at least taking into account the young woman's background and intelligence, however erroneously holding them against her.

The majority opinion goes on to say that Judge Costantino "read and considered" the presentence report, but the record shows only that the report had been given to him, not that he either read or considered it. Transcript of October 24, 1975, at 7 ("The Court has a probation report at this time."). Moreover, the majority significantly omits to say that the judge considered whether Negron would benefit from YAO treatment. The only implication one can derive from the judge's above-quoted remarks is that he did *not* consider whether there would be any benefit. Mere possession of a presentence report surely does not amount to consideration when, as here, the judge's statement on the record demonstrates he did not reach the crucial question: whether Negron would benefit from YAO treatment. The majority opinion in my view is thus wholly inconsistent with *Schwarz*.