**Willis Lee McCULLOUGH, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 1011.**

United States District Court
N. D. Florida,
Tallahassee Division.

July 7, 1964.

Willis Lee McCullough, pro se.

Clinton Ashmore, U. S. Atty., Murray Wadsworth, Asst. U. S. Atty., for respondent.

CARSWELL, Chief Judge.

This cause came on for consideration of petition filed under the provisions of 28 U.S.C. § 2255. It appears that the petitioner has complied with the Rules of

this Court in this regard and that he is entitled to proceed in forma pauperis.

■ It further appears from the motion itself and from an examination of the records and files herein, including transcript of his arraignment on December 11, 1962, that Willis Lee McCullough was not informed, in open court, of sentencing provisions of the Federal Youth Corrections Act prior to his plea of guilty but was, in fact, informed in open court of the adult offender sentencing provisions of the Dyer Act. Subject was thereafter sentenced under the provisions of the Federal Youth Corrections Act. This Court concludes that the case of Pilkington v. United States, 4 Cir., 315 F.2d 204, correctly states the requirements of the law in this regard, that is, that a defendant subject to the provisions of the Federal Youth Corrections Act must be informed of its penalties prior to the Court's accepting a plea of guilty from said defendant in the event the Federal Youth Corrections Act is actually used by the Court in subsequent sentencing.

■■ The Court does not now decide that this petitioner is entitled to relief under 28 U.S.C. § 2255. As stated in Pilkington, whether the guilty plea was made voluntarily and understandably is a question of fact to be determined after an inquiry. The Court does hold now, however, that a guilty plea cannot be considered to have been voluntarily and understandably made if, in fact, the defendant was made subject to the sentencing provisions of the Federal Youth Corrections Act without his being informed of its provisions prior to his plea. Hearing may disclose that this defendant, McCullough, before pleading guilty was actually aware of the possible penalties under the Federal Youth Corrections Act, having been informed by his attorney, or by the Probation Officer with whom he may have conferred prior to trial, or by someone else. Upon the face of this record, as indicated above, a hearing is plainly required.

Prior to the Court's setting a specific date therefor, however, the United States is afforded opportunity within seven (7) days from the date of this order to respond thereto. In the event the United States concedes that it is unable to establish that McCullough was, in fact, informed of the sentencing provision of the Federal Youth Corrections Act prior to the entry of his plea of guilty on December 11, 1962 the necessity for such hearing is thus obviated; the Court thereupon will grant this motion to vacate sentence and order the release of the defendant on bond as set in his original case. In this event, the criminal charges upon which he was detained herein will remain outstanding and will be called for trial or other disposition at the appropriate and ensuing term of Court.

In consideration of the foregoing, therefore, it is hereby

Ordered:

1. Petition to proceed in forma pauperis is hereby granted.

2. The Clerk of this Court is hereby directed to mail a certified true copy of this order to petitioner.

3. Copy of this order is served upon the United States Attorney for this district by delivery this date.