**David S. KOTZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17953.**

United States Court of Appeals Eighth Circuit.

Nov. 22, 1965.

David S. Kotz, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant took this appeal from the denial of a motion by him under 28 U.S.C.A. § 2255 to vacate sentence. After he had filed brief and the case was placed on the calendar for our next regular session, he made request by letter to the Clerk to be permitted to "withdraw" the appeal.

It appeared that the motion was the second one under § 2255 which he had undertaken to file, with him having made a request for withdrawal of the first motion after its receipt by the Clerk of the District Court, as he is now attempting to do with this appeal. Also, his brief purported to argue questions which had not been asserted as grounds in his motion and which tended to suggest that in seeking to withdraw the appeal, he was primarily acting to clear the track for successive further § 2255 motions.

In this situation, it seemed to us that we should not permit loose dismissal of the appeal, but ought to take submission of it on its merits in order to have opportunity for a realistic look at whether he was engaging in motion abuse.

Appellant's conviction was one for violation of the Dyer Act, 18 U.S.C. § 2312 (transporting a motor vehicle in interstate commerce, knowing it to have been stolen). He was 19 years of age at the time of the conviction. He had pleaded guilty to the charge, with representation of appointed counsel. He was sentenced to the custody of the Attorney General under the provisions of 18 U.S.C. § 5010 (b) of the Youth Corrections Act. By § 5017(c), "A youth offender committed under section 5010(b) * * * shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction." Under the Dyer Act, legal imprisonment could have been imposed upon appellant for a fixed term of up to five years.

At the time it accepted appellant's plea, the court made explanation of the penalty to which he could be subjected under the Dyer Act. It did not explain to him the extent and nature of the restraint to which he might be subjected on a sentencing under § 5010(b) of the Youth Corrections Act. The reporter's transcript shows that § 5010(b) was not mentioned in the conviction proceedings. Nor was there any mention of it in the subsequent sentencing proceedings [adjournment had been taken to obtain presentence investigation report] until, after allocution had been engaged in, the court summarily declared: "In view of this defendant's age, I am going to sentence him under § 5010(b), which is an indefinite sentence. However, he will be given more treatment and education and consideration than he might be if I would give him a definite sentence under the

provisions of the Dyer Act". Sentence on this basis was pronounced immediately.

The attack made by appellant's motion was (1) that the penalty under § 5010(b) "was not fully explained or even mentioned by the court before accepting a plea of guilty"; and in substance (2) that since the effect of the sentence under § 5010(b) could be to subject him to a longer restraint, "either in custody or supervision", than one under § 2312, the sentence was invalid.

■ That a sentence under the Youth Corrections Act is not invalid because it may operate to subject a youthful offender to a longer period of restraint than that provided for in the offense-statute which he has violated, has been so repeatedly and uniformly held that the second ground of attack in appellant's motion was entitled to be treated as legally frivolous. See Cunningham v. United States, 5 Cir., 256 F.2d 467, 472; Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283, 285; Standley v. United States, 9 Cir., 318 F.2d 700, 701; Young Hee Choy v. United States, 9 Cir., 322 F.2d 64, 66; Eller v. United States, 9 Cir., 327 F.2d 639; Rogers v. United States, 10 Cir., 326 F.2d 56, 57.

As to appellant's first ground, it would appear from the language of the motion and the memorandum filed by him in the District Court that what he was contending was that it is absolutely "incumbent upon a court in disposing of a case against a youthful defendant to explain fully not only the substantive statute violated, but as well the sentencing provisions of the Youth Corrections Act, if it is to be used", and that failure on the part of the court to do so would in itself constitute a violation of due process and hence would in such a situation render void any conviction entered on a plea of guilty and any sentencing engaged in thereon.

■ Due process, as related to the validity of a plea of guilty, requires that the plea be voluntarily and understandingly made. In practice, Rule 11, Fed. Rules of Crim. Procedure, 18 U.S.C.A. directs that the court not accept such a plea unless it is satisfied that these elements exist. Such understanding as is necessary to give validity to the plea includes knowledge and comprehension, not only as to the nature of the charge, but also as to the penalty which can be imposed. In the language of the Supreme Court, the plea must be made "with full understanding of the consequences". Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009. See also Pilkington v. United States, 4 Cir., 315 F.2d 204, 210; McCullough v. United States, D.C.Fla., 231 F.Supp. 740, 741.

■ But due process is concerned in such a situation only with whether voluntariness and understanding existed. It is not concerned with the manner or means by which they came to exist. Thus, contrary to appellant's contention, his conviction and sentence were not invalid because the court did not itself engage in explanation of the nature and extent of the restraint to which he might be subjected under § 5010(b), if the fact was that he actually had knowledge and comprehension thereof in relation to his plea, or in relation to the subsequent sentencing proceedings where the circumstances thereof were such that it could rationally be concluded he was permitting this to have operation as to his plea.

While, as noted, appellant's motion and memorandum appeared to confine the question he was seeking to present to the effect per se of the court's failure to have explained the penalty under § 5010(b), the District Court chose, as it had a right to do, to engage in examination of whether appellant had been given such information by his attorney. It held a hearing upon this aspect, at which it received testimony from appellant's former counsel as the sole witness. The court's memorandum and order states that "[h]e testified he had fully explained the punishment the Court could impose under Section 2312, Title 18, U.S.C., as well as the provisions of Section 5010(b), Title

18, U.S.C.", and that "in his conversations with the petitioner, he explained that he would be greatly benefited by the training, education and treatment that would be afforded him under the Youth Corrections Act".

On this basis, the court concluded and found that "the petitioner was fully apprised of the punishment"; that "the plea of guilty was understandably made"; and that "petitioner was under no misapprehension that he might be sentenced for a longer period than that to which an adult offender might be subject".

Appellant asserts in his brief here that he has no recollection of his appointed counsel "mentioning anything about the Youth Corrections Act" and that if the court "had explained to the appellant that he could have been held for a total of six (6) years, the appellant would have changed his plea to not guilty". The effect of this is to dispute the testimony of his former counsel and to deny that he had understanding of the penalty under the Youth Corrections Act, either at the time his plea was made or in relation to the subsequent sentencing proceedings.

The record before us does not show that appellant was afforded the opportunity for assertion of this challenge and denial at the hearing which the court held. If he was and deliberately chose not to avail himself of it, he has no ground for complaint here on that aspect, or ground to seek to file another § 2255 motion in relation to it. The record, however, does not show that such was the fact. Nor does it enable us to say that only dishonestly would it be possible for him to make the challenge and denial in which his brief engages. These are matters which would have been incident to the court's examination and determination of the question of his knowledge,

of the significance of any such knowledge as related to the time it was acquired, and if the knowledge was acquired subsequent to the plea, of the intended effect implied by his action or inaction in relation to it on the circumstances involved.

While we originally saw fit to withhold ruling upon appellant's request to withdraw his appeal for other reasons, the matter which has been discussed above seems to us a persuasive basis by itself, in the interest of judicial termination of his collateral attacks, for making denial of his withdrawal request, and for requiring the District Court to deal further with the situation. The application to dismiss the appeal is accordingly denied; and to enable the District Court to deal further with the situation, the judgment will be vacated and the cause remanded.

We have mentioned that grounds have been attempted to be asserted here which were not included in the motion and on which the District Court therefore did not have occasion to pass. Some of these appear to be frivolous as a matter of law, but we engage in no ruling or expression with respect to them. No more than other appellants, are prisoners entitled to try to lengthen their bow string on an appeal.

Upon remand, we suggest that the District Court request appellant to file a supplement to his motion, adding whatever additional grounds of attack he may think he has. And to avoid, if possible, any further motions and hearings as to appellant's situation, we remind of the practical suggestions made by the Supreme Court in Sanders v. United States, 373 U.S. 1, 22–23, 83 S.Ct. 1068, 1081, 10 L.Ed.2d 148.

Judgment vacated and cause remanded.