Richard Gonzalez JAMES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24925.

United States Court of Appeals
Fifth Circuit.

Jan. 24, 1968.

Steven Susman, Houston, Tex., for appellant.

William Wayne Justice, U.S. Atty., William Louis White, Asst. U.S. Atty., Tyler, Tex., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Richard Gonzalez James has appealed the denial of his motion (filed under 28 U.S.C. § 2255) to vacate an alleged illegal sentence.

On July 6, 1962, appellant, then 18 years old, appeared in the Federal District Court for the Eastern District of Texas on a Dyer Act violation (18 U.S.C. § 2312) and waived counsel and indictment. Appellant and a companion, both enlisted men in the Army, had stolen the vehicle while on a week-end pass, in order to visit appellant's wife and child. Appellant was advised by the district judge, in open court at arraignment, that the maximum penalty under the Dyer Act was a sentence of five years in prison and a fine of $5,000.[1] Accordingly, he pleaded guilty and a presentence investigation was ordered. He had no prior criminal record. On July 27, 1962, again appearing without counsel, he was sentenced by the district judge (who made no further explanation of the consequences of his plea) "for treatment and supervision" under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010(b). He was never advised in open court that he could be sentenced under the provisions of the Youth Corrections Act, nor was he advised as to the length of sentence which could be imposed thereunder. He had no reason, therefore, to believe from anything said at his arraignment and plea that he could be imprisoned under the Youth Corrections Act for a period greater than the maximum of five years under the Dyer Act.

Under Section 5017 of the Act, a youth offender committed under Section 5010(b) shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction. Thus if the Youth Correction Division of the Board of Parole should revoke the parole given a youth offender, it is possible for the youth offender to serve a maximum of six years.

On April 18, 1963, appellant was paroled from his sentence under the Youth Corrections Act, but he was soon back in the toils of the law. On January 30, 1964, he pleaded guilty (having waived counsel) in the Federal Court for the Eastern District of Arkansas to another Dyer Act violation and was sentenced by the district judge of that court under the provisions of Section 5010(b) of the Federal Youth Corrections Act. On May 28, 1965, the Youth Division of the Board of Parole revoked the parole under the first sentence which had been imposed in the Texas Federal Court, and the two sentences are, therefore, being served concurrently.

The present motion to vacate the sentence imposed by the Federal District Court for the Eastern District of Texas was filed on January 31, 1967 and a hearing held before the District Court on March 3, 1967. Appellant contends that his conviction should be vacated and set aside on the ground that he pleaded guilty on reliance of the court's advice that the maximum sentence he could receive was five years' imprisonment and without knowledge that he could receive up to six years' imprisonment under the Youth Corrections Act. Appellant appeared without counsel, and shortly after the hearing opened the Assistant United States Attorney moved to dismiss appellant's motion to vacate

---

* Of the Third Circuit, sitting by designation.

1. The judge said to appellant, in pertinent part: "Now, if you are found guilty of the offense charged in this proposed information in the case the Court can sentence you to prison up to five years and impose a fine up to $5,000.00, or both."

sentence, advising the court that appellant was concurrently serving a sentence imposed by the Federal Court in the Eastern District of Arkansas; therefore, that the granting of the motion would give appellant no immediate relief since the concurrent sentence imposed in the Eastern District of Arkansas had not expired. The district judge thereupon denied appellant's Section 2255 motion, stating that he did so because appellant would not thereby obtain his release. The question we must determine is whether the district court erred in dismissing the motion to vacate and whether or not appellent has been prejudiced by the ruling below.

Shortly after the hearing and denial of the present Section 2255 motion, appellant filed a motion to vacate the sentence imposed by the Federal District Court for the Eastern District of Arkansas, also under the Youth Corrections Act, for the identical reason asserted here, that is, that the district judge failed to explain to him, prior to accepting his plea of guilty, the possibility of commitment or the maximum sentence under the provisions of the Youth Corrections Act.[2] The motion is still pending in that court. Thus appellant has moved under Section 2255 to vacate both the Texas and Arkansas sentences on the same ground.[3]

We first decide whether granting the Section 2255 motion will afford any relief to appellant. This case differs from the usual one where such relief is denied because of the existence of another valid concurrent sentence whose term has not yet expired, because appellant does not concede the validity of his Arkansas conviction.

Under appellant's Texas Federal Court sentence the six-year maximum period under the Youth Corrections Act will expire on July 26, 1968. Under the Arkansas Federal Court sentence the mandatory conditional release date—four years from the date of the imposition of that sentence—is January 29, 1968. Thus it is apparent that he must be mandatorily released from the second sentence which was imposed in Arkansas, within the month of January 1968 in which we are writing this opinion. However, the Texas sentence will not expire until July 26, 1968, which thereby postpones the mandatory release date from January 29, 1968 to the latter date of July 26, 1968. It is apparent, therefore, that appellant is prejudiced by the Texas sentence. It is also obvious that the concurrent serving of the Texas sentence has prevented consideration of a parole to appellant prior to the mandatory conditional release date of the Arkansas sentence. (See 18 U.S.C. §§ 5017(a) and (b).)

Where the circumstances require it, relief can be granted under 28 U.S.C. § 2255, other than immediate release from confinement. See Rowe v. Peyton and Thacker v. Peyton, 4 Cir. en banc, 1967, 383 F.2d 709; Helms v. Blackwell, 5 Cir., 1966, 367 F.2d 149; United States

---

2. We take cognizance of the filing of the motion to vacate in the United States District Court, Eastern District of Arkansas, on or about March 30, 1967 (though erroneously stamped as filed on September 15, 1967), which was subsequent to the hearing of the present motion on March 3, 1967. However, when appellant moved to appeal in forma pauperis to this Court, he stated in his motion to the district judge that his Arkansas sentence was also illegal and that a motion to vacate the Arkansas sentence was being presented to that court. The trial court was thus informed, after the hearing, it is true, that appellant did not

concede the validity of the Arkansas sentence, but on the contrary was urging its invalidity.

The district judge denied the motion to appeal in forma pauperis but we entered an order permitting this appeal.

3. Relief is available to appellant in the Eighth Circuit (which embraces Arkansas) if it appears that appellant's plea of guilty in the Arkansas Court was not made with the knowledge and comprehension as to the penalty which can be imposed under the Youth Corrections Act. See Kotz v. United States, 8 Cir., 1965, 353 F.2d 312.

v. Scarlata, 3 Cir., 1954, 214 F.2d 807, and Johnson v. Avery, 6 Cir., 1967, 382 F.2d 353.

This Court has had occasion in several prior cases to consider the question of the alleged invalidity of sentences imposed under the Youth Corrections Act where no prior explanation of the consequences of the Act and the maximum sentence possible thereunder had been given to the defendant before receiving his plea of guilty. In the most recent case, Stephens v. United States, 5 Cir., 1967, 383 F.2d 428, we vacated the judgment of the district court and remanded the case for a hearing as to whether appellant was misled by the trial judge as to the maximum possible sentence, and cited Marvel v. United States, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965), in support of our opinion. See also to the same effect, Beufve v. United States, 5 Cir., 1965, 344 F.2d 958; Brown v. United States, 5 Cir., 1966, 368 F.2d 573.

■ It is unnecessary, however, under the circumstances here, to remand this case for a further evidentiary hearing to determine if appellant was misled at the time the Texas sentence was imposed under the Youth Corrections Act. The record affirmatively shows that he was and that Rule 11 of the Federal Rules of Criminal Procedure, requiring the court before accepting a plea of guilty to first determine that the plea was made voluntarily with understanding of the nature of the charge, was not complied with by the trial judge. The plea of guilty should not be accepted unless made with full understanding of the consequences. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

■ In the present case, at his arraignment, appellant, a first offender, then 18 years old, without counsel, was definitely informed by the court before entering his plea of guilty that the maximum sentence under the pending charge was five years and a $5,000 fine. There was no mention of the maximum possible sentence under the Youth Corrections Act at any time in open court during the arraignment or at the time of imposition of sentence. The Government conceded in oral argument that the sentence was invalid and does not deny that the appellant had been misled as to the maximum sentence. Section 2255 relief must, therefore, be accorded appellant and the conviction and sentence imposed in the Texas Court are vacated and set aside. Appellant must be given an opportunity to withdraw his former plea of guilty, and counsel should be offered to him again.

Reversed, and appellant's motion to vacate and set aside sentence is granted.