Tollie MATTHEWS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 69 Civ. 2415.

United States District Court
S. D. New York.

Oct. 2, 1969.

Tollie Matthews, pro se.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for respondent, William B. Gray, Asst. U. S. Atty., of counsel.

MEMORANDUM

COOPER, District Judge.

On August 7, 1969 we denied petitioner's application pursuant to 28 U.S.C. Sec. 2255. On August 8, 1969 the office of the Pro Se Clerk of this district received petitioner's reply affidavit, which they returned to petitioner explaining that this Court had already rendered its decision. Petitioner resubmitted his affidavit as a motion for reargument and we received it on August 22, 1969. Since new issues were raised therein, we granted the Government time to file a supplemental affidavit in opposition; this we received on September 5, 1969.

In his initial application petitioner contended in part that he had not "consented" to Youth Offender treatment. This we denied, for his consent is not required. Petitioner now contends that what he intended to convey was that although at the time sentence was imposed he understood the five year maximum penalty under 18 U.S.C. Sec. 371, the section to which he pled guilty, he was never informed nor was he aware that he was also subject to the possibility of six years restraint under 18 U.S.C. Sec. 5017(c), and that his sentence should therefore be vacated and set aside. Compelled by controlling authorities, we reluctantly agree.

Before a plea of guilty may be accepted as one voluntarily entered, a defendant must be fully advised of its consequences, including the maximum possible sentence. See Rule 11, F.R. Crim.P. This was the rule even prior to the 1966 amendment to Rule 11, F.R. Crim.P. See 1966 Advisory Committee's Note to Rule 11; Kercheval v. United

States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948); United States ex rel. Brooks v. McMann, 408 F.2d 823, 825 (2d Cir.1969); United States v. Lester, 247 F.2d 496, 500–501 (2d Cir. 1957). The transcript of his plea of guilty before this Court on March 3, 1965 does not reflect that petitioner was informed on the record of the possible sentences under either Sec. 371 or Sec. 5017(c). This omission was not cured by the fact, acknowledged by petitioner, that his attorney informed him of the possible five year sentence under Sec. 371, since he was not informed that he was subject to sentence under the Youth Corrections Act and that this might lead to confinement up to six years. See Marvel v. United States, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965), vacating 335 F.2d 101 (5th Cir.1964); Pilkington v. United States, 315 F.2d 204 (4th Cir.1963); James v. United States, 388 F.2d 453 (5th Cir.1968); Harper v. United States, 368 F.2d 53 (10th Cir.1966); Freeman v. United States, 350 F.2d 940 (9th Cir.1965); Workman v. United States, 337 F.2d 226 (1st Cir.1964); Brown v. United States, 248 F.Supp. 146 (D.Minn.1965); Rowe v. United States, 227 F.Supp. 666 (W. D.Wis.1964); 1 Wright, Federal Practice and Procedure Sec. 173 (1969); 8 Moore, Federal Practice ¶¶11.03[3] and 11.04 (2d ed.1967). But see Myers v. United States, 375 F.2d 515 (6th Cir. 1967).

■■ The burden is thus cast upon the Government to prove the plea was nonetheless voluntary because, contrary to petitioner's allegations, he was in fact aware of the possible penalties under the Youth Corrections Act. See, e. g., Domenica v. United States, 292 F.2d 483 (1st Cir.1961). The Government's papers present no obstacle to petitioner in this regard; rather they lend support to his allegation of ignorance. Therefore, no hearing is required. Compare, e. g., Marvel v. United States, *supra*.

It seems a travesty on justice that petitioner, who appeared before this Court for sentencing on three occasions (March 25, 26 and June 3 of 1965) and never claimed dissatisfaction with Youth Offender treatment; who accepted the benefits of such treatment including his release on parole after only eighteen months incarceration—a benefit to which he responded by unworthily violating parole—should succeed in overturning his conviction by a complaint made now for the first time more than four years after sentencing and predicated on a factual situation which was as vibrant the day after imposition of sentence as it is now. This unfairly places upon the prosecution the enormous burden to prove at this late date petitioner's guilt—e. g., usually witnesses have passed from the scene, incriminating documents have been lost or destroyed, etc. Justice may be frustrated in the end.

Yet, we are bound by what we construe to be the mandate of the law. Accordingly, we are constrained to and do grant petitioner's motion to vacate and set aside his conviction and sentence. Our disposition obviates the need of considering petitioner's other contention that he is entitled to a credit for presentence time spent in custody.

Petitioner shall be unconditionally released from confinement unless within thirty days from the date hereof the Government proceeds to try him.

So ordered.