440 F.2d 1065
 Donald E. McGANN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 31061 Summary Calendar.**
**$1$ Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 6, 1971.
 
 Donald E. McGann, pro se.
 Eldon B. Mahon, U.S. Atty., W. E. Smith, Asst. U.S. Atty., Fort Worth, Tex., for repondent-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of McGann's motion to vacate judgment and sentence under 28 U.S.C. 2255. We affirm the judgment below for the reasons expressed by District Judge Leo Brewster in his memorandum order denying relief, which is appended hereto. See also Guidry v. United States, 433 F.2d 968 (5th Cir. 1970); Abernathy v. United States, 418 F.2d 288 (5th Cir. 1969).
 
 
 2
 Although the only issue presented to the court below was that of the validity of the Youth Corrections Act, appellant has, by a 'Motion to Supplement the Record on Appeal' filed three days after his reply brief, attempted to question the voluntariness of his guilty plea. He has requested a transcript of his arraignment and sentencing in order to support his allegations, made for the first time in his reply brief, that the trial judge failed to inform him that his conviction would not be set aside if he were required to serve the full 6 years under the Youth Corrections Act.[1] Since this issue is not properly before the court, and the transcript could have no bearing upon his attack on the Youth Corrections Act, the motion is denied. This court will not consider issues not properly raised below.
 
 
 3
 Affirmed.
 
 APPENDIX
 
 4
 In the United States District Court for the Northern District of Texas, Fort Worth Division
 
 
 5
 Donald E. McGann vs. United States of America
 
 CA-4-1608
 
 6
 MEMORANDUM ORDER DENYING MOTION TO VACATE CONVICTION
 
 
 7
 Petitioner was convicted in this Court upon his plea of guilty to a Dyer Act violation, 18 U.S.C.A., Section 2312. Sentence was under the Youth Corrections Act, 18 U.S.C.A., Section 5010(b).
 
 
 8
 In a motion to vacate and set aside his conviction and sentence under 28 U.S.C.A., Section 2255, petitioner centends that his six-year indeterminate sentence as a youth offender amounted to cruel and unusual punishment in that the Dyer Act penalty would have been limited to a five-year maximum.
 
 
 9
 The Youth Corrections Act reveals a statutory scheme directed toward rehabilitation and earliest possible release. Commitment is 'in lieu of the penalty of imprisonment.' Sentence under the Act is an effort to aid the defendant by giving him the benefit of its specialized and selective treatment. See United States v. Dancis, 2 Cir., 406 F.2d 729 (1969).
 
 
 10
 That a sentence is not invalid for the reason advanced by petitioner has been so repeatedly and uniformly held that the contention is 'entitled to be treated as legally frivolous.' Kotz v. United States, 8 Cir., 353 F.2d 312 (1965).
 
 
 11
 The Clerk so ordered to file petitioner's motion to vacate his conviction without prepayment of costs or security therefor.
 
 
 12
 It is further ordered that the motion to vacate be and the same is hereby denied.
 
 
 13
 Signed, November 10, 1970.
 
 
 14
 (s) Leo Brewster JUDGE
 
 
 
 [1]
 In his brief the appellant also asserts:
 'He entered a plea of guilty with full knowledge of the provisions of the sentence imposed as explained by the District Judge.'