The decree of September 25, 1970, will be affirmed.

**Kenneth Glen WELLS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-2219**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1971.

Rehearing Denied Jan. 20, 1972.

2. Clark uses this language at p. 442:

"His property is also to be considered whether or not it produces income, although if it is not productive, the courts will be reluctant to order it sold to pay alimony. . . .

"Alimony need not be limited by the husband's income as of the time of the trial. If he is not earning as much as he might, either deliberately or through poor management, alimony may be calculated on the basis of what the court thinks he could and should earn."

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409 Part I.

Kenneth Glen Wells, pro se.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, William F. Sanderson, Jr., Asst. U. S. Attys., Dallas, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

On the basis of findings and recommendations of the United States magistrate, the district court denied Wells's motion to vacate judgment and sentence, 28 U.S.C. § 2255, and he appeals.

In 1957, Wells was charged with two counts of robbing another of property belonging to the United States, to which he entered a plea of guilty, and upon which he was sentenced to serve ten years.[1] Wells unsuccessfully sought to have the district court set aside his judgment of conviction and sentence on the ground that his trial court failed to comply with Rule 11, F.R.Cr.P., in its acceptance of the guilty plea. On this appeal, Wells reiterates that: (1) the trial court did not have an adequate factual basis for its entry of judgment upon the plea; (2) Wells was not aware, nor did the court apprise him of the nature of the charges against him; and (3) his plea was not entered with an understanding of its consequences.

Wells's first contention is without merit. Prior to the 1966 amendment to Rule 11, the court was not required to inquire as to the factual basis for the plea. Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. Even if it were, the transcript of the appellant's arraignment shows that the court heard sufficient testimony to determine that there was a factual basis for the plea.[2] The United States Attor-

---

1. Wells was paroled from this sentence on some undisclosed date. While on parole he was convicted of an offense against the State of Texas and began service of an eight-year sentence in 1965. Upon his release from state custody his federal parole was revoked and he is presently in federal custody serving the remainder of his unexpired 1957 sentence.

2. The gravamen of Wells's argument that the court lacked a factual basis for the plea is that he did not know that the property he stole belonged to the United States. But the element of knowledge required by 18 U.S.C. § 2112 pertains to one's intent to commit robbery rather than to one's ownership of the object

ney recited in detail the circumstances leading to Wells's arrest.

■ Wells's second contention is equally without merit. It is inconceivable that Wells did not understand the nature of the charge after the entire bill of information was read to him by the prosecuting attorney. Upon the court's inquiry, he acknowledged that he understood the charge against him. Moreover, Wells stated to the court that the information given to the court by the United States Attorney concerning his involvement in the crime was true and correct.

■ Wells's third ground for relief cannot be disposed of so easily. Although prior to 1966 Rule 11 did not require the court to address the defendant personally to determine whether a guilty plea was entered voluntarily and with an understanding of its consequences, the rule still made it incumbent on the court to make such a determination before accepting the plea. See Rule 11, F.R.Cr.P. (1965 ed.) If Wells pleaded guilty without any knowledge of the possible consequences of his action, that is, the possible penalty which mght be imposed upon him, his plea was invalid. The issue, then, is not whether the court personally advised Wells of the maximum imposable sentence, but whether he knew the possible consequence from any source— from his attorney, from the prosecuting attorney, or from some other source.[3]

■ The district court did not specifically find that Wells was aware of the consequences of his plea, though Wells raised the issue in his § 2255 motion; and the court concluded that his conviction was valid nevertheless. This conclusion was unwarranted on the basis of the record in this case, since it is completely devoid of any unambiguous evidence that Wells was aware of the maximum sentence he could receive before he entered his plea of guilty.[4] We therefore vacate the order appealed from and remand the case to the district court for further findings, and an evidentiary hearing if necessary, on the question of whether Wells entered his guilty plea with full knowledge of its consequences.[5]

Vacated and remanded.

---

stolen. See Bent v. United States, 8 Cir. 1965, 340 F.2d 703, cert. den'd 1965, 382 U.S. 869, 86 S.Ct. 142, 15 L.Ed.2d 107. As a result, the alleged factual misunderstanding had no legal significance.

3. This situation, where a defendant receives no information concerning his possible sentence is to be distinguished from that where misinformation is given with respect to the maximum sentence. United States v. Perwo, 5 Cir. 1970, 433 F.2d 1301, fn. 1. Cf. United States v. Woodall, 5 Cir. 1970, 438 F. 2d 1317, 1329.

4. We have considered the "Sentence Data" filed with the trial court on September 25, 1957—the same day as Wells's arraignment took place. But we are unable to discern from the exhibits themselves whether the Sentence Data was in the possession of Wells's attorney at the time of arraignment, whether Wells himself was familiar with the "Penalty" information in the papers, and, in sum, whether this document in and of itself actually informed Wells of the consequences of his plea.

5. Because Wells's plea was entered before the Supreme Court's decision in McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, Wells is not entitled to plead anew merely because the record fails to reflect full compliance with Rule 11 as it then was. McCarthy is not retroactive, Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, and for pleas entered before McCarthy this Circuit continues to adhere to the remand procedure outlined in United States v. Woodall, 5 Cir. 1971, 438 F.2d 1317. The date of Wells's plea therefore distinguishes his case from United States v. Frontero, Lagana, and Kelly, 5 Cir. 1971, 452 F.2d 406. There we ordered that defendant Kelly be given the chance to plead anew because the record did not show an adequate basis for acceptance of the guilty plea, as Rule 11 requires. Kelly's plea was, of course, entered after the Supreme Court's decision in McCarthy, supra.