UNITED STATES ex rel. Nancy ROSNER, on behalf of Frank Ciappetta, Appellant,

v.

WARDEN, SING SING PRISON, OSSINING, NEW YORK, Appellee.

No. 928, Docket 75–2010.

United States Court of Appeals, Second Circuit.

Argued May 9, 1975.

Decided July 24, 1975.

Nancy Rosner, New York City (Rosner, Fisher & Scribner, New York City, of counsel), for appellant.

Arlene Silverman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before FEINBERG, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

On June 15, 1954, petitioner and four other youths were indicted by the Grand Jury of Bronx County for the crime of murder in the first degree. All five pleaded not guilty and proceeded to trial. On May 5, 1955, during the course of the trial, petitioner pleaded guilty to a reduced charge of second degree murder. We are now confronted with his contention that this plea was not made intelligently and with knowledge of the consequences.

This is an appeal from an order of Judge Motley denying, without a hearing, petitioner's application for a writ of habeas corpus. The application was based largely upon petitioner's claim that at the time of his guilty plea he was relying on erroneous advice from his attorney concerning the possible minimum sentence.

§ 2184–a of the New York Penal Law provided for possible reformatory sentences not to exceed five years for convicted juveniles between the ages of 16 and 21 years. Petitioner, who was 17 years of age, alleges he was informed by his attorney that under this statute he might be sentenced to Elmira Reformatory if he pleaded guilty. Since § 2184–a specifically excluded crimes punishable by death or life imprisonment, which included murder in the second degree, [New York Penal Law § 1048] there was no possibility of a reformatory sentence for petitioner.

Judge Motley felt that ignorance of the possible maximum sentence might justify a claim that petitioner's plea was made unknowingly, *U. S. ex rel Leeson v. Damon*, 496 F.2d 718 (2d Cir. 1974), but she did not believe that the same rule applied to a minimum sentence. She likened the latter situation to one where there is an erroneous prediction of leniency by defense counsel. *United States v. Lester*, 247 F.2d 496, 501 (2d Cir. 1957).

Unfortunately, Judge Motley did not have the benefit of our decision in *U. S. ex rel Hill v. Ternullo*, 510 F.2d 844, 847 (1975), where we said:

"Misinformation about a statutory minimum is no less demonstrative of counsel's incompetence, nor necessarily less significant to a defendant's decision to plead guilty, than an error about a statutory maximum. In both instances, counsel is not being second-guessed about a prediction which has proven inaccurate but, rather for a misstatement of easily accessible facts."

As we did in *Hill*, we reverse and remand to the District Court for an evidentiary hearing concerning the merits of petitioner's contentions.