**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2492
_____

UNITED STATES OF AMERICA

v.

MARIO T. WOODING,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-07-cr-00019-001)
District Judge: Honorable Leonard P. Stark
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 21, 2012

Before:   McKEE, *Chief Judge*, SLOVITER, and VANASKIE, *Circuit Judges.*

(Filed: March 15, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Mario Wooding appeals his eighteen-month prison sentence resulting from his

admitted violation of conditions of supervised release, arguing that the District Court

erred by failing to advise him of the statutory five-year maximum term of imprisonment. For the following reasons, we will affirm.

I.

Since we write principally for the parties, we set forth only the facts essential to our analysis.

Wooding's conviction by guilty plea to the charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), resulted in a prison term of five years and a five-year term of supervised release. Shortly after commencing his term of supervised release, Wooding engaged in new criminal conduct. Wooding subsequently was convicted of various state drug crimes and for breach of release and was sentenced to eight years of prison, suspended after two.

Due to this new criminal conduct, as well as several other violations of the conditions of supervised release, the Probation Office filed a petition, and then an amended petition, for revocation of supervised release. On May 9, 2012, the date of the amended petition, the Probation Office submitted a memorandum that calculated Wooding's United States Sentencing Guidelines advisory range as eighteen to twenty-four months' imprisonment,[1] and noted the statutory maximum term of imprisonment of five years under 18 U.S.C. § 3583(e)(3).

---

[1] The Probation Office identified Wooding's state conviction for delivery of a controlled substance as a Grade B Violation under U.S.S.G. § 7B1.1(a)(2). Based on Wooding's criminal history category of V, the advisory range for a Grade B Violation under U.S.S.G. § 7B1.4 is eighteen to twenty-four months' imprisonment.

On May 15, 2012, the District Court held a hearing on the amended petition. Defense counsel informed the court that Wooding would be admitting to the violations, and, as a result, the District Court conducted a colloquy to ascertain whether Wooding was making a knowing and voluntary admission. During the colloquy, the District Court advised Wooding that his admission could result in an additional term of incarceration in addition to his state sentence, that the Guidelines recommended a term of imprisonment of eighteen to twenty-four months, and that the Probation Office recommended twenty-four months' imprisonment. The District Court, however, did not advise Wooding of the five-year statutory maximum sentence.[2] After hearing from defense counsel, Wooding, and the Government, the District Court sentenced Wooding to eighteen months' imprisonment, consecutive to his state court sentence. Wooding appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3), and we have appellate jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. As Wooding recognizes, because he did not preserve the issue of whether the District Court erred by not advising him of the possible five-year statutory maximum term of imprisonment, we review for plain error under Rule 52(b) of the Federal Rules of

---

[2] Previously, Wooding made an initial appearance on April 26, 2012, following the original violation petition. At that proceeding, the Magistrate Judge advised Wooding that: "For the type of charges that you face, presently face, particularly in light of the past history, the court is aware for drug related offenses, my rough estimate, I haven't done a complete analysis, could be up to three years in jail." (S.A. at 5:43 to 6:00.) Although the Magistrate Judge also failed to inform Wooding about the five-year statutory maximum sentence, this fact does not alter our analysis because we focus on the adequacy of the later revocation hearing conducted by the District Court.

3

Criminal Procedure.  *See United States v. Miller*, 594 F.3d 172, 183 n.6 (3d Cir. 2010)

("We review the sentence imposed by the District Court for abuse of discretion except

where it was imposed without objection, in which case we review only for plain error."

(internal quotation marks omitted)).  To show plain error, an appellant must demonstrate

the existence of (1) an error, (2) that was plain, and (3) that affected his or her substantial

rights.  *United States v. Corso*, 549 F.3d 921, 928 (3d Cir. 2008).  However, "even if all

three conditions are met we will exercise our discretion to correct the unpreserved error

only if [the appellant] persuades us that (4) a miscarriage of justice would otherwise

result, that is, if the error seriously affect[ed] the fairness, integrity or public reputation of

judicial proceedings."  *Id.* at 929 (internal quotation marks omitted).

Wooding argues that the District Court's failure to advise him of the statutory

maximum sentence deprived him of his due process rights under the Fifth Amendment.

"Revocation proceedings are subject to 'minimum requirements of due process.'"  *United*

*States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (quoting *Gagnon v. Scarpelli*, 411

U.S. 778, 786 (1973)).[3]  In the context of a guilty plea, we have noted that a "'voluntarily

---

[3] In *Gagnon*, the Supreme Court listed the minimum due process requirements for final revocation hearings, which include:

> "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written

4

and understandingly made'" plea "'includes knowledge and comprehension not only as to the nature of the charge, but also as to the penalty which can be imposed.'" *United States ex rel. Crosby v. Brierley*, 404 F.2d 790, 794 n.6 (3d Cir. 1968) (quoting *Kotz v. United States*, 353 F.2d 312, 314 (8th Cir. 1965)). However, a district court need not employ the same formal colloquy required for a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure in a hearing for the revocation of supervised release. *See Morrissey*, 408 U.S. at 480 ("[T]he full panoply of rights due a defendant in [a criminal prosecution] proceeding does not apply to parole revocations."); *see also United Statse v. Correa-Torres*, 326 F.3d 18, 23 (1st Cir. 2003) ("[N]ot withstanding the requirement that waivers of procedural rights with respect to revocation hearings must be knowing and voluntary, such waivers need not be accompanied either by any magic words or by a formal colloquy of the depth and intensity required under Federal Rule of Criminal Procedure 11 . . . .").

Here, the District Court advised Wooding that his admission could result in additional incarceration beyond his state prison sentence. The District Court also informed him that the Guidelines recommended a range of eighteen to twenty-four

---

statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

*Gagnon*, 411 U.S. at 786 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Those requirements were incorporated into Rule 32.1 of the Federal Rules of Criminal Procedure, which governs hearings for the revocation of supervised release. *Maloney*, 513 F.3d at 356. Wooding does not argue that the District Court failed to comply with Rule 32.1. Rule 32.1 does not require a court to advise a defendant at a revocation hearing of the maximum possible sentence for a violation of a condition of supervised release.

5

months' imprisonment and that the Probation Office recommended the top end of that range. Wooding affirmed, under oath, his understanding of that advice. We are unconvinced that the District Court denied Wooding's right to due process by advising him of the applicable sentencing range and sentencing him at the bottom of that range even though statutory authority existed to impose a sentence of up to five years' imprisonment.

Even assuming that the failure of the District Court to advise Wooding of the maximum possible sentence was erroneous and that error was plain, Wooding has not demonstrated that the error affected his substantial rights or that upholding his sentence would work a miscarriage of justice by affecting the fairness, integrity, or public reputation of the proceeding. Wooding has not shown a reasonable probability that he would not have admitted to the violation of conditions of his supervised release if he had known of the five-year statutory maximum sentence. *Cf. United States v. Hall*, 515 F.3d 186, 194 (3d Cir. 2008) ("'[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.'" (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004))). Furthermore, Wooding was aware of the Guidelines range and received a sentence at the bottom end of that range. We cannot conclude in this case that the failure to advise Wooding of the statutory maximum resulted in a miscarriage of justice.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.