24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Norman Ray FREELOVE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-35787.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 4, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Norman Ray Freelove ("Freelove") appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence for his convictions by pleas of guilty for possession of property stolen in a bank robbery, interstate transportation of traveler's checks bearing forged counter signatures, conspiracy to escape, and escape.
 
 
 3
 Freelove argues that his pleas of guilty were not knowing and voluntary, in violation of Federal Rules of Criminal Procedure 11(c) and (d) and the due process clause of the Constitution, because he did not know that he could receive consecutive sentences and because his counsel assured him that (1) he would not receive the maximum sentence and (2) his sentences would run concurrently. We review de novo the district court's decision to deny a petition for habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). The voluntariness of a guilty plea is also subject to de novo review. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993).
 
 
 4
 The record clearly reflects that the district court inquired, at the time Freelove entered his guilty pleas, whether Freelove understood that his sentence could be imposed consecutively. Freelove responded that he understood. Moreover, Freelove signed the plea agreement on the escape and conspiracy to escape counts, which specifically provided that he understood that all his sentences could run consecutively. Freelove stated to the court that no promises had been made as to what sentence the court might impose. In light of the foregoing facts, Freelove's claim that his guilty pleas were not knowingly and voluntary is beyond credibility.
 
 
 5
 Freelove also contends that the district court violated Federal Rule of Criminal Procedure 11(e)(4). Freelove argues that the district court was required to advise him that (1) if it did not accept the plea agreement, it would then afford him the opportunity to withdraw his plea and (2) if he persisted in his guilty plea, the disposition of the case may be less favorable to him than that contemplated by the plea agreement. This argument is without merit. Rule 11 requires the district court to render such opportunity and advice to the defendant only if the court rejects the plea agreement. Here, Freelove acknowledges that the district court accepted both of his plea agreements.
 
 
 6
 Freelove also claims that he was deprived of effective assistance of counsel on the grounds that his counsel (1) told him the sentences would run concurrently; (2) failed to object to the presentence report at the sentencing hearing because it contained hearsay regarding other criminal conduct; (3) did not object to the trial court's failure to advise him of his rights under Federal Rule of Criminal Procedure 11(e)(4); and (4) failed to allege factual inaccuracies in the presentence report at the sentencing hearing. We reject each of Freelove's contentions.
 
 
 7
 Whether Freelove received ineffective assistance of counsel is a legal question which we review de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were "outside the wide range of professionally competent assistance" and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 8
 Freelove's claim that he received ineffective assistance of counsel because his attorney told him that his sentences would run concurrently fails for the obvious reason that Freelove was well aware that his sentences could be imposed consecutively. The plea agreement he signed contained a provision which expressly stated that his sentences could be imposed consecutively; the district court specifically inquired whether Freelove understood that it could impose his sentences consecutively, and Freelove responded that he understood.
 
 
 9
 Freelove's argument that his counsel should have made a hearsay objection to the three letters included as part of the presentence report which the trial judge considered before sentencing Freelove lacks merit. The government acknowledges that these three letters were hearsay but points out that the letters corroborated one another and that Freelove did not contest the facts set out in them when given the opportunity to do so at his sentencing hearing. The sentencing court may consider hearsay. Fed.R.Evid. 1101(d)(3) (the Federal Rules of Evidence, except as to privileges, do not apply at sentencing hearings). See United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988) (judge may consider hearsay information in sentencing a defendant).
 
 
 10
 Freelove's counsel was not ineffective for failing to object when the court did not provide the Rule 11(e)(4) advice. As stated above, Rule 11(e)(4) is inapplicable to this case because the district court accepted his pleas of guilty.
 
 
 11
 Freelove has not shown that his counsel's decision not to allege any potential factual inaccuracies in the presentence report fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. The decision not to object to the statements in the hearsay letters was a tactical choice and did not fall outside the range of professionally competent assistance. Furthermore, Freelove has not affirmatively proven prejudice, as he has not shown that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Id. at 694.
 
 
 12
 Freelove also argues that the trial court erred in not making the presentence report available to him at a reasonable time before imposing sentence as required by Federal Rule of Criminal Procedure 32(c)(3)(A). We decline to address the merits of this argument because it was not raised in Freelove's opening brief, see United States v. Luther, 521 F.2d 408, 411 (9th Cir.1975) (arguments raised for the first time in reply brief not considered on appeal), and was not raised in the district court, see Eller v. United States, 327 F.2d 639, 640 (9th Cir.1964) (issue not raised in district court on a Sec. 2255 motion should not be considered on appeal).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3